DAD SPOONER v. THE STATE.

No. 3944.   Decided February 9, 1916.

**Sunday Law—Picture Show—Sufficiency of the Evidence—Subterfuge.**

Where, upon trial of violating the law in operating a picture show on Sunday, the evidence showed that defendant took in free contributions, ostensibly for the benefit of the sanitarium and took from said amount his expenses, etc., turning the balance over to the inmates of the said sanitarium, he was guilty of violating the law. Following McLeod v. State, 77 Texas Crim. Rep., 365, 180 S. W. Rep., 117.

Appeal from the County Court of Tom Green.   Tried below before Hon. Oscar Frink.

Appeal from a conviction of operating a picture show on Sunday; penalty, a fine of $20.

The opinion states the case.

C. E. Dubois, for appellant.—On question of insufficiency of the evidence:  Ex parte Jacobson, 55 Texas Crim. Rep., 237.

C. C. McDonald, Assistant Attorney General, for the State.—Cited cases in opinion.

PRENDERGAST, PRESIDING JUDGE.—This is an appeal from a conviction for violating the law in operating a picture show on Sunday. The case was tried before the court without a jury on agreed facts. The court assessed the lowest punishment.

The facts are that appellant gave his picture show on both the afternoon and night of Sunday, January 2, 1916.   He advertised, in effect, that it was for the benefit of the inmates of the Tuberculosis Sanitarium located at Carlsbad, near San Angelo.   No tickets were sold nor admission fees demanded.   He represented he would donate to the trustees for said inmates all he received over and above his actual expenses, and he placed in a conspicuous place, at the entrance where the shows were given, a large sign in these words: *"Free Contribution." "Pay What You Wish." "Benefit Carlsbad Sanitarium."*   The gross receipts from these two entertainments were $33.30.   He took out of this amount his actual expenses for films, electricity, lights, one day's rent of building and for labor of three hands, total, $14.75, which was his expenses for that day, thus leaving a balance of $18.55, which he turned over for said inmates.

There can be no question but this was a plain and direct violation of the statute, and his conviction and punishment were proper.   In the recent case of McLeod v. State, 77 Texas Crim. Rep., 365, 180 S. W. Rep., 117, the facts were somewhat similar but nothing like as strong as the facts in this case.   We see no necessity of again discussing the question.

The judgment is affirmed

*Affirmed.*