Other authorities in point are: Arroyo v. State, 69 S. W. 504; Ex parte Ogden, 43 Tex. Cr. R. 532, 66 S. W. 1100; Denton v. McDonald, 104 Tex. 206, 135 S. W. 1148, 34 L. R. A. (N. S.) 453; Fay v. State, 44 Tex. Cr. R. 381, 71 S. W. 603.

The judgment of the lower court is affirmed.

DAVIDSON, P. J. I cannot concur in the disposition of this case. I believe it ought to be reversed and the prosecution dismissed. I will, if time affords, later write some of the views for my nonconcurrence.

DAVIDSON, P. J. (dissenting). When the opinion herein was handed down I entered my dissent, intending at the time to write some additional views for dissenting that were not given in Ex parte Lingenfelter, 64 Tex. Cr. R. 30, 142 S. W. 555, Ann. Cas. 1914C, 765, but under the pressure of delayed cases and the heavy docket I did not write during the last term of court, nor in vacation. While there are reasons that were not presented by my dissenting opinion, in the Lingenfelter Case why moving picture shows are not brought within the Sunday law, yet at this late date I do not care to write further. I am clearly of opinion that the majority of the court are in error in this case, as they were in the Lingenfelter Case, supra.

---

## DILLON v. STATE. (No. 4343.)

(Court of Criminal Appeals of Texas. Feb. 28, 1917.)

Appeal from Tarrant County Court; Jesse M. Brown, Judge.

J. J. Dillon was convicted of crime, and he appeals. Affirmed.

Baskin, Dodge, Baskin & Eastus, of Ft. Worth, for appellant. Marshall Spoonts, Co. Atty., W. R. Parker, Asst. Co. Atty., S. J. Callaway, Asst. Co. Atty., and Turner, Cummings & Doyle, all of Ft. Worth, and E. B. Hendricks, Asst. Atty. Gen., for the State.

DAVIDSON, P. J. This conviction was for violating article 302 of the Penal Code, on a charge of exhibiting in a place of amusement on Sunday a moving picture show. The majority of the court holds the law valid and the conviction proper. I do not agree with their conclusions, but in obedience to the views of the majority as presented in the Zucarro Case, 197 S. W. 982, this day decided, this judgment will be affirmed.

---

## COTTAR v. STATE. (No. 4370.)

(Court of Criminal Appeals of Texas. Feb. 28, 1917.)

Appeal from Tarrant County Court; Jesse M. Brown, Judge.

H. G. Cottar was convicted of exhibiting moving pictures in a place of amusement on Sunday, and he appeals. Affirmed.

E. B. Hendricks, Asst. Atty. Gen., for the State.

DAVIDSON, P. J. This conviction was for violation of article 302, P. C., wherein appellant was convicted for exhibiting in a place of amusement a moving picture show on Sunday. The majority of the court have held the law constitutional and valid in the Zucarro Case, 197 S. W. 982, this day decided. I cannot concur, and will write later for my nonconcurrence and file in the Zucarro Case. Under the authority of that case, this judgment will be affirmed.

---

## COHEN v. STATE. (No. 4345.)

(Court of Criminal Appeals of Texas. Feb. 28, 1917.)

Appeal from Tarrant County Court; Jesse M. Brown, Judge.

R. Cohen was convicted of crime, and he appeals. Affirmed.

Baskin, Dodge, Baskin & Eastus, of Ft. Worth, for appellant. Marshall Spoonts, Co. Atty., W. R. Parker, Asst. Co. Atty., S. J. Callaway, Asst. Co. Atty., and Turner, Cummings & Doyle, all of Ft. Worth, and E. B. Hendricks, Asst. Atty. Gen., for the State.

PRENDERGAST, J. From a conviction of violating the Sunday law in exhibiting a moving picture show, this appeal is prosecuted. There is no different question in this case from those in No. 4344, Zucarro v. State, 197 S. W. 982, from Tarrant county, this day decided, in an opinion by Judge Morrow. In accordance with the statute, and with Ex parte Lingenfelter, 64 Tex. Cr. R. 30, 142 S. W. 555, Ann.

Cas. 1914C, 765, Zucarro v. State, 72 Tex. Cr. R. 214. 162 S. W. 844, Lempke v. State, 76 Tex. Cr. R. 125, 171 S. W. 217, McLeod v. State, 180 S. W. 117, L. R. A. 1916B, 1124, Spooner v. State, 182 S. W. 1121, and said Zucarro Case, 197 S. W. 982, this day decided, the judgment will be affirmed.

DAVIDSON, P. J. This is a companion case to No. 4344, Zucarro v. State, 197 S. W. 982, this day decided. For the same reasons I cannot concur.