### Ex Parte Andrew Zuccaro.

#### No. 2930.    Decided December 10, 1913.

#### Rehearing denied January 14, 1914.

**1.—Contempt—Civil Case—Injunction—Supreme Court.**

Under the Constitution as amended and the Revised Civil Statutes, article 1529, the Supreme Court and the Justices thereof are given power and express authority to grant and hear writs of habeas corpus in all civil cases, and where relator had been fined for contempt in the District Court for violating its injunction against opening and exhibiting theaters for moving picture shows on Sunday for pay, this court will not entertain jurisdiction of his application for writ of habeas corpus, and he should have applied to the Supreme Court of Texas.

**2.—Same—Constitutional Law—Jurisdiction—Court of Criminal Appeals.**

By the Constitution of our State, the Court of Criminal Appeals has jurisdiction in criminal cases only, and has no jurisdiction in civil cases of any character and can not grant a writ of habeas corpus in any case except in criminal matters. Qualifying Ex Parte Allison, 48 Texas Crim. Rep., 634. Davidson, Judge, dissenting.

**3.—Same—Supreme Court—Jurisdiction.**

The Supreme Court of Texas and the Justices thereof are given power and authority expressly by the Constitution of Texas as amended and under the statute, Revised Civil Statutes, article 1529, to grant and hear writs of habeas corpus in all civil cases, but have no jurisdiction, power or authority to grant such writs in criminal cases.

**4.—Same—Civil Proceedings—Violation of the Sunday Law.**

While the violation of the Sunday law under our Code is a criminal offense, yet an injunction enjoining relator from such violation and an infliction of a

penalty for contempt for violating said injunction is a civil case, and his application for writ of habeas corpus should be made to the Supreme Court of Texas, who should first be given an opportunity to take jurisdiction thereof. Davidson, Judge, dissenting.

From Tarrant County.

Original application for writ of habeas corpus, asking release under a commitment for contempt in the District Court, for violating an injunction restraining relator from exhibiting moving pictures on Sunday for pay. '

The opinion states the case.

*Baskin, Dodge & Eustus,* for relator.

*C. E. Lane,* Assistant Attorney-General, for the State.

PRENDERGAST, PRESIDING JUDGE.—This is an original application to this court for a writ of habeas corpus, and a companion application to Ex Parte Mussett this day dismissed. It shows that on January 27, 1912, the State of Texas, by the county attorney of Tarrant County, instituted a suit in the Sixty-seventh District Court of Tarrant County, Texas, seeking to enjoin this applicant, and others, from operating his place of business as a moving picture show in the City of Fort Worth on Sunday, for which he charged an entrance fee. The petition is against the applicant herein and several others, naming them. Some of the others were alleged to be operating theaters and giving shows therein on Sunday and charging a fee thereto. Others, like the applicant herein, were proprietors of other moving picture shows. That in such theaters vaudeville performances and plays were given for public amusement, and that in all the moving picture shows scenes and performances, commonly known as moving pictures, were shown and exhibited for public amusement, for admission to all of which a fee was charged; that all of said persons had entered into a combination and conspiracy together and with each other to violate the laws of this State in this: That they and each of them have entered into a combination and conspiracy to operate, open and permit to be opened their respective theaters and places of public amusement on Sunday and to give theatrical performances in said theater and exhibitions of moving pictures in said moving picture shows and to charge a fee for admission thereto in violation of article 302 (199) of the Penal Code, quoting it, prohibiting such business on Sunday; that said parties are now carrying out their conspiracy and have employed attorneys to represent said combination and each and every one of the defendants therein named, for a stipulated consideration in each and every case in which they, or any of them, may be prosecuted in the courts of this State for the violation of said law, and said article of the Penal Code prohibits such exhibitions and makes anyone guilty of a misdemeanor who violates such article. That said theaters and moving picture shows give several performances during the day on Sunday, and derive

hundreds and thousands of dollars each Sunday that they so operate in violation of such law, and the proprietors, managers, agents and employes, the defendants named, can readily and easily pay the maximum fine provided for a violation of said law and still continue the operation of their business in violation of the law and the plain intent thereof; that they and each of them, have for some ten or twelve Sundays before then operated their places in violation of said law, and that some of them have been prosecuted in the County Court of Tarrant County, and have, by a jury, been given the maximum fine in said cases, but that has not deterred them, and will not, from further violation of said law; that for the reasons above set forth irreparable injury is done the State of Texas, and there is no adequate remedy at law which can avail to prevent said parties from the violation of said law.

The petition then further sets up, in a separate paragraph, and, as we take it, a separate count, that an epidemic of meningitis is prevailing in Fort Worth and in Dallas, Texas, and such houses in Dallas, because thereof, having been closed up, large numbers of persons from that city and elsewhere go to Fort Worth for the purpose of attending, and attend, these performances by these parties on Sunday; that by reason thereof the public health demands that some extraordinary action be taken to close said theaters and moving picture shows on Sunday, and if such relief is denied irreparable injury will result to the State and it has no adequate remedy at law.

The petitioner then prays for a restraining order enjoining, restraining and prohibiting defendants, and each of them, from opening or permitting to be opened, their theaters and moving picture shows on any Sunday from and after the filing of this petition, and the cause be set down for hearing at some future day, and for final hearing; that they be notified and upon such hearing, make permanent the temporary restraining order, forever enjoining, restraining and prohibiting them and each of them from opening, or permitting to be opened their theaters and picture shows on Sunday, and from giving therein on Sunday a performance for admission to which a fee is charged, and from a further violation of said law, for costs and all other relief, in law and in equity, to which the State may be entitled. This is sworn to by the county attorney.

We have given merely a brief outline of the petition. This application further shows that said petition was presented to Judge Simmons, Judge of said Sixty-seventh Judicial District, and that he, on January 27th, entered his fiat thereon as follows: "Petition granted and Clerk of the District Court of Tarrant County, Texas, directed to issue and direct to each and every defendant named in this petition an order enjoining, restraining and prohibiting them and each of them from opening or permitting to be open their theaters and moving picture shows, respectively, on Sunday, for public amusement, from giving therein any performance for public amusement, and from charging a fee for admission thereto or from doing any of said acts until further orders of this court. This

cause set down for hearing Saturday, February 3, 1912, at 2 o'clock p. m., and clerk directed to issue notice hereof to defendants and each of them. No bond shall be required of the applicant." This is signed officially by Judge Simmons and dated January 27, 1912. Said petition shows to have been filed and docketed and said fiat filed in said court on said date.

The applicant then further shows that Judge Marvin H. Brown succeeded Judge Simmons, as Judge of said District Court, and that on November 25, 1913, he entered his fiat or order in said cause and court directed to the clerk of said court to instantly cite said applicant and Charles Mussett to appear before him on Wednesday, November 26, 1913, at 9 a. m., to show cause why they and each of them should not be held in contempt of court for opening their respective theaters on Sunday in violation of said injunction.

That the applicant herein duly appeared and filed his sworn answer to the order and notice of Judge Brown, and that Judge Brown then heard the case fully and entered a judgment reciting that he had heard the case and the evidence therein, and that it was shown that the applicant gave a picture show on Sunday, November 23, 1913, and violated said injunction. He was thereupon adjudged in contempt of court in violation of said injunction, fined $100 and sentenced to three days imprisonment in the county jail as punishment for said contempt. This order of Judge Brown is full and complete and recites all facts necessary to show a violation of said injunction. In accordance with the said fine and punishment the proper writ was issued to the sheriff who took the relator in custody in obedience thereto and held him thereunder.

This court, by a proper order, directed the filing and docketing of this application and set it down for hearing on December 3rd inst., at which time it was orally argued for both sides and duly submitted. In the meantime this court, by proper order, directed that the applicant should give bond in the sum of $1000 to abide the action of this court on his application, which bond was duly executed.

We are met at the threshold of this inquiry by the question of whether or not this court has jurisdiction to grant the writ of habeas corpus in this case.

That the case in which this punishment in contempt was imposed is a civil case, we have no doubt. Any judgment which would have been rendered by the District Court of Tarrant County in said cause could only have been appealed, and by either party, to the civil courts of this State, and it could not have been appealed to this court.

By the Constitution of our State this court has jurisdiction in criminal cases only. It has no jurisdiction in civil cases of any character. It can not grant a writ of habeas corpus in any case except a criminal matter.

Likewise, our Supreme Court, and the justices thereof, are given power and authority expressly by our Constitution to grant and hear writs of habeas corpus in all civil cases, and the Supreme Court, and

neither of the justices thereof, have any jurisdiction, power or authority to grant such writs in criminal cases.

It is true that this court, in the case of Ex parte Allison, 48 Texas Crim. Rep., 634, in a matter practically exactly like this, granted and heard a writ of habeas corpus and decided it November 15, 1905. It may be that in other cases since then this court has first granted writs of habeas corpus in such matters. We can but believe that this court inadvertently did so without its attention being called to the Amendment of our Constitution and especially to the statute.

We call special attention to the Act of 1905, p. 20, now embraced in the Revised Civil Statutes of 1911, as article 1529 thereof, as follows:

"The Supreme Court of Texas, or any one of the justices thereof, shall have power, either in term time or vacation, to issue writs of habeas corpus in all cases where any person is restrained in his liberty by virtue of any order, process or commitment, issued by any court or judge, on account of the violation of any order, judgment or decree, theretofore made, rendered or entered by such court or judge in any civil cause; and said Supreme Court, or any one of the justices thereof, shall have power, either in term time or vacation, pending the hearing of the application for such writ, to admit to bail any person to whom the writ of habeas corpus may be so granted."

Certainly, the Legislature intended thereby to make certain that the Supreme Court had power and authority to issue the writ of habeas corpus in such cases as therein provided, and we think by the amended Constitution and said Act of the Legislature it was intended that the Supreme Court should first be given an opportunity to take jurisdiction in such matters as are provided for by said statute in civil matters.

It is true that this court has expressly held that the opening and exhibition of moving picture shows and theaters on Sunday, such as are described in said petition to the Sixty-seventh District Court of Tarrant County, Texas, where a fee is charged for entrance thereto, is unquestionably a violation of the Penal Code of this State, and anyone, whether principal, agent or employe, who participates in such opening and exhibition is included and embraced in said Code. . Oliver v. State, 65 Texas Crim. Rep., 150, 144 S. W. Rep., 604, and Ex parte Lingenfelter, 64 Texas Crim. Rep., 30. We have no doubt as to the correctness of the decisions in these cases. Nor do we have any doubt from the facts disclosed by the application herein and the said petition of the State filed in said Sixty-seventh District Court of Tarrant County, that these persons could be punished criminally for a violation of said article of the Penal Code. While the violation of said article of the Code is a criminal offense, said suit is a civil case, and applicant is held by the sheriff by virtue of process and commitment and order on account of the violation of an order of the said district judge and court, in the very terms of said statute. For a discussion of the question see the opinion in said Mussett application.

Therefore, the order of this court will be that the application for writ

of habeas corpus herein be dismissed without prejudice to him and he will be ordered remanded to the custody of the sheriff of Tarrant County.

*Writ dismissed.*

DAVIDSON, JUDGE (dissenting.)—We have heard the application on oral argument after authorizing filing the application, and ought to dispose of the case. Our authority to do so is constitutional.

[Rehearing denied January 14, 1914.—Reporter.]