### Ex Parte O. S. Cummings.

No. 3326.   Decided October 21, 1914.

**1.—Habeas Corpus—Contempt—Civil Case—Jurisdiction—Appeal.**

Where the commitment for contempt grew out of proceedings had in a civil action, the jurisdiction is in the Supreme Court on appeal.

**2.—Same—Case Stated—Notary Public—Supreme Court.**

Where relator was fined for contempt for refusing to answer interrogatories in a civil cause to perpetuate the evidence, by a notary public, the questions were mainly incident to a civil proceeding, and an appeal therefrom lies to the Supreme Court of Texas.

Appeal from the District Court of Harris.   Tried below before the Hon. Chas. E. Ashe, Special Judge.

Appeal from a judgment committing relator to jail for contempt before a notary public for refusing to answer interrogatories in a civil cause.

The opinion states the case.

*L. A. Adamson* and *Lane, Wolters & Storey,* for appellant.

*Hutcheson & Hutcheson,* for respondent.

HARPER, Judge.—No statement of the evidence adduced on the hearing, if any, accompanies this record, and it appears to have been heard on purely questions of law.   However, from the papers in the record we ascertain that Ben Pumilia in the District Court of Harris County, obtained a judgment in the sum of $1500 against the Bonded Underwriters of America Reciprocal Insurance Exchange.   Thereafter, Pumilia instituted proceedings in the Justice Court, as he recited, to perpetuate the testimony of O. S. Cummings to be used in an anticipated suit against unknown parties, whom he alleged were liable for the payment of the judgment obtained against the insurance company. Relator's contention is that the purpose of the proceedings was not to perpetuate testimony, but to obtain the names of certain parties against whom suit might be brought.   The justice of the peace issued notice. of the application to take the deposition, and five days after the issuance thereof, issued a commission to take the deposition of Mr. Cummings in answer to the accompanying interrogatories.   The commission was delivered to W. J. Walden, a notary public, who issued process for Cummings.   Upon appearing before the notary, Cummings refused to answer the interrogatories, and the notary entered an order committing Cummings to jail until he should answer the interrogatories.   Cummings sued out a writ of habeas corpus before Hon. A. R. Hamblen, district judge.   Upon hearing the writ, Judge Hamblen remanded the relator, from which judgment he prosecuted an appeal to this court.

The first question that presents itself to our mind is, is the case one in which we should entertain jurisdiction?   Article 1529 of the Revised Statutes, 1911, reads:

"The Supreme Court of Texas, or any one of the justices thereof, shall have power, either in term time or vacation, to issue writs of habeas corpus in all cases where any person is restrained in his liberty by virtue of any order, process or commitment, issued by any court or judge, on account of the violation of any order, judgment or decree, theretofore made, rendered or entered by such court or judge in any civil cause; and said Supreme Court, or any one of the justices thereof, shall have power, either in term time or vacation, pending the hearing of the application for such writ, to admit to bail any person to whom the writ of habeas corpus may be so granted." We discussed this question fully in the cases of Ex parte Mussett, 72 Texas Crim. Rep., 487, 162 S. W. Rep., 846, and Ex parte Zuccaro, 72 Texas Crim. Rep., 214, 162 S. W. Rep., 844, and there held that where the commitment grew out of proceedings had in a civil action, it was the intent of the Legislature to confer jurisdiction on the Supreme Court in all such cases.

In this case the questions raised are: First, that the information sought is not evidence to be perpetuated, but information on which to base a suit,—a proceeding in the nature of a common law bill of discovery; second, that a notary cannot commit one to jail for refusal to answer interrogatories propounded to him. These questions are mainly incident to civil proceedings, and have very little, if any, connection with criminal matters, and as the commitment grows out of a writ issued in a civil proceeding, we think the appeal should be to the Supreme Court and not this court, for the reasons stated in the Mussett and Zuccaro cases, supra. The pleadings raise the right to bring a civil action of the character instituted in this suit, as well as the constitutionality of the statute authorizing notaries to imprison for contempt.

Having this view of the matter, this case will be dismissed without prejudice to relator to prosecute an appeal to the Supreme Court, or if the trial court will not permit him to amend the order giving notice of appeal, then to sue out an original writ before the Supreme Court.

Appeal dismissed.

*Dismissed.*