Ex Parte Frank C. Vogler and F. P. Littlepage.

Nos. 11911 and 11912. Delivered June 28, 1928.
Rehearing denied October 17, 1928.

580

The opinion states the case.

*Heilbron, Kilday & Howard* of San Antonio, for relators.

*Dinman, Franklin & Dinman* of San Antonio, amicus curiae, and *A. A. Dawson* of Canton, State's Attorney, for respondent the State of Texas.

CHRISTIAN, JUDGE.—These are original applications for a writ of habeas corpus. Ex parte Frank C. Vogler, No. 11,911, and ex parte F. P. Littlepage, No. 11,912, have been consolidated by an order entered in this court on May 3, 1928, and will be considered together.

Pursuant to the provisions of Article 4445, Revised Civil Statutes, and in accordance with an order issued by the city health officer of San Antonio, one Jackie Miller had been quarantined in the city clinic on April 28, 1928. It was alleged on information and belief that she was a menace to the public health by virtue of being a common prostitute afflicted with gonorrhea. On the following day she applied to the Honorable R. B. Minor, Judge of the 57th Judicial District, for a writ of habeas corpus. The issuance of the writ was waived, and she was on the same day released on bond conditioned upon her appearance on May 5th next for a hearing on the writ.

After her release on bond she was later on the same day arrested by relators Frank C. Vogler and F. P. Littlepage, city detectives of San Antonio, on a charge of being a vagrant by reason of being a common prostitute. Complaint was filed in the corporation court and she was placed in jail, where she remained for a short time. Prior to the date set for the hearing before the district judge, she gave bond and was released from jail. On May 4, 1928, she filed a motion against relators, charging them with contempt. The hearing being had, Honorable R. B. Minor, Judge aforesaid, entered orders adjudging relators to be in contempt of court and committed them to jail for a period of 24 hours. The Honorable R. B. Minor, in the course of the hearing, stated his view of the question involved as follows:

"The simple question, and the one single question in this case, is whether, during the time that this party was under bond from this court, to appear before it, to be here on a habeas corpus, she was arrested by anybody for any cause whatsoever. If she was, it was just as much in contempt of court as if she was sitting here personally."

That it was proper to determine in a habeas corpus proceeding if the detention of Jackie Miller was legal is supported by precedent. Ex parte Hardcastle, 208 S. W. 531. If the facts did not exist authorizing her detention under Article 4445, supra, the city health officer had no right to continue the restraint. It was the province of the proper court to determine in a habeas corpus proceeding the existence or non-existence of the facts justifying her restraint.

When brought before the district court upon waiver of the issuance of the writ of habeas corpus, Jackie Miller passed from the custody of the representative of the city health officer into that of the court and remained under the protection and control of said court although at liberty on bail. Stallings v. Splain, 253 U. S. 339; 64 Law Ed. 940; Article 144, C. C. P. She was under such protection and control when arrested by relators.

The arrest of Jackie Miller by relators was not involved in the previous detention and in no way interfered with her custody in the first proceeding. Although the district court had acquired custody and control of her by virtue of the habeas corpus proceeding, lack of jurisdiction in the corporation court of San Antonio to authorize her arrest on a charge of vagrancy did not follow. The fact that Jackie Miller was taken in custody upon a warrant from the health department and was on application for writ of habeas corpus released

by the district judge upon bail pending hearing of the application and decision therein as to whether she was an infected person and a menace to public health did not render her immune from arrest and prosecution for an offense against the penal law of the state, and the fact of the arrest did not per se render the arresting officer in contempt of court. Stallings v. Splain,, supra; 29 Corpus Juris p. 154. The habeas corpus proceeding merely prevented her withdrawal from the custody of the court by means of a second arrest. Collins v. Loisel, 262 U. S. 426. There was no attempt by the arrest to withdraw her from control of the district court or to interfere with the hearing to be held on the writ of habeas corpus. The proceeding in the district court was in no manner impeded or delayed.

The court cannot make contempt of that which is not contempt, and if "upon a review of the whole record it appears that a judgment unwarranted by law was entered, the party thus placed in contempt will be released under the writ of habeas corpus." Ex parte Duncan, 42 Tex. Cr. R. 672; Goodfellow v. State, 53 Tex. Cr. R. 471. When the facts do not constitute contempt the court is without authority to enter the particular judgment. It is well settled in this state that in order to punish for constructive contempt the court must not only have jurisdiction over the person and subject matter, but authority to render the particular judgment. Ex parte Duncan, supra; Goodfellow v. State, supra; Ex parte Degener, 17 S. W. 1111. In 13 Corpus Juris, p. 5, constructive contempt is defined as follows:

"A constructive contempt is an act done, not in the presence of the court, but at a distance, which tends to belittle, to degrade, or to obstruct, interrupt, prevent, or embarrass the administration of justice. It is the policy of the law not to extend the proceeding for constructive contempt to cases not coming within the established rules."

We are concerned here with the authority of the court to enter the particular judgment. As shown by the findings of fact recited in the judgments, said judgments were based on the facts alone that relators arrested Jackie Miller on a charge of vagrancy while she was on bond pending a hearing on a writ of habeas corpus in the district court. The further recital that Jackie Miller informed said officers at the time of her arrest that she was under bond to appear at the habeas corpus hearing in the district court is immaterial. It is not contended that the arrest was made in bad faith, nor, as hereinbefore stated, did the arrest by relators withdraw Jackie Miller

from the control of the district court. The proceedings in the district court were in no manner impeded or delayed. In short, the facts are not sufficient to constitute contempt. The fact alone that the arrest had been made afforded the basis of the judgments of contempt.

Giving effect here to the principles controlling, it is obvious that the court was without jurisdiction to render the particular judgments. It follows that said judgments are void.

Relators are ordered discharged.

*Relators discharged.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, Judge.—Jackie Miller was detained by health authorities of the city of San Antonio as a venereal disease suspect. Upon grounds unknown to this court she sought and obtained a writ of habeas corpus. For some reason hearing upon same was not had at once, and she was granted and made bond for her later appearance. While under such bond she was arrested for a violation of law, not in any way connected with or affecting the matter for which she was detained. After her arrest and before the appearance date of the bond mentioned, she filed a motion for contempt in the court which had granted the habeas corpus, against the officers who arrested her for said law violation. Upon hearing, said officers were adjudged in contempt. They sought relief from said judgment by means of a habeas corpus issued from this court. On original hearing here, the officers were ordered discharged upon the ground that no contempt arose upon the facts stated by the trial judge in his judgment. A lengthy motion for rehearing is before us filed by eminent counsel of San Antonio who appeared both on the original hearing and now as amicus curiae. He briefs the question of amicus curiae. We do not care to discuss it. We raised no objection at any time to his appearance before us in the capacity named. In the multitude of assaults from every angle upon the courts in these "Parlous" times, Heaven knows they stand in need of friends.

Our deductions, our statement of the facts, our reasoning, our citation of authorities and our conclusions are criticised. With the utmost appreciation of the contentions, we again affirm that the only question before us is: Did the trial court have power to ad-

judge said officers in contempt for making the arrest referred to. If he did not, his judgment was void, his jurisdiction was exceeded, and the officers were properly discharged by our former opinion. Ex parte Degener, 30 Texas Crim. App. 566; Ex parte Taylor, 34 Texas Crim. Rep. 591; Ex parte Kearby, 35 Texas Crim. Rep. 531, and numerous other authorities cited by Mr. Branch on page 170 of his Annotated P. C. These cases hold that the courts can not, by a mere finding or judgment, make that contempt which is not contempt; and that even though the trial court had jurisdiction of the parties and of the subject-matter,—yet unless he had the power to render the particular judgment handed down, his judgment would be absolutely void, and not merely erroneous or irregular. Ex parte Tinsley, 37 Texas Crim. Rep. 527; Ex parte Warfield, 40 Texas Crim. Rep. 413.

We have examined the authorities cited in the motion as well as others, and have found none on facts such as those before us, or on facts demanding the application of any analogous principle,—which hold that one on bond in a pending habeas corpus case, who has theretofore or does thereafter violate the law in such manner as that the question of the violation vel non is not involved in or connected with or affected by the matters at issue in the pending habeas corpus hearing,—may not be properly arrested by an officer merely because he knows of the pending proceeding. Such holding, in our opinion, would be little short of monstrous. To hold that one merely detained by health officers and who may be at large on bail pending a habeas corpus hearing set weeks later, is thereby privileged from arrest for murders committed, thefts perpetrated, ravishments done or any other violation of law, merely because the arresting officer had knowledge of such pending habeas corpus proceeding,—would make for incredible confusion and disorder. If the contention thus made be sustained, then habeas corpus writs might be sued out and that fact published so that all officers would have knowledge thereof and the hearing thereon might be purposely delayed and bond made so that forsooth the parties might thereafter commit wholesale crime extending over a period of time and be privileged from arrest.

It seems insisted here that the recitals of the judgment of contempt do not show want of jurisdiction. Our courts in Texas have gone so far as to hold that on habeas corpus testing the soundness of contempt judgments, the court may go into the truth of the recitals of the judgment, and that its recitals are not conclusive on the question of the authority of the court to render it, and also that the re-

cital of facts in such judgment adds nothing to its sanctity. Ex parte Parker, 35 Texas Crim. Rep. 12; Ex parte Duncan, 42 Texas Crim. Rep. 672; Ex parte Bullington, 145 S. W. Rep. 1190. However we note that the recitals of fact in the judgment under consideration, taken with the language in the conclusions stated in said judgment, fully justified us in saying that on its face said judgment was and is void. In its findings of fact which were made a part of the judgment of contempt, the trial court set out that relators arrested and imprisoned Jackie Miller while she was under bond for her appearance at a hearing of a habeas corpus theretofore granted, and that she informed them at the time of arrest that she was under such bond. The judgment then proceeds as follows: "The court *therefore* concludes, and it is considered and adjudged by this court that the said defendants, *in so doing,* were * * * and are * * * guilty of contempt." To say that this does not show by its own content, its own recitals, its own "therefore," and its own "in so doing," that the extent of the contemptuous conduct was as thus recited, seems idle.

Without attempting to discuss the numerous authorities cited by the amicus curiae, which seem to us aside from any material question involved in a decision of this case, we are of opinion that relators were improperly adjudged in contempt, and that the terms of the judgment itself showed them not to have been in contempt, and that the judgment was void.

The motion for rehearing is overruled.

*Overruled.*