EX PARTE LUTHER E. JONES, ET AL

No. 28,612. October 10, 1956.

*Percy Foreman,* Houston, and *Faires P. Wade,* Corpus Christi, for relators.

*Sidney P. Chandler,* Assistant Attorney General, and *Sam H. Burris,* District Attorney, Alice, and *Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

While this court was in constitutional vacation, relators presented their application for writ of habeas corpus to the presiding judge thereof, setting up therein that they were illegally restrained of their liberty by the sheriff of Duval County by virtue of an order of commitment made by the district judge of said county. The writ was granted and made returnable to this court on the first day of the present term. A motion has been made by our state's attorney to dismiss relators' application, and accompanying said motion is an affidavit of the sheriff of Duval County in which he recites that at the time the writ

was granted relators were not in his custody by virtue of any written order of the district court of Duval County. An examination of the record reveals that the district judge made an oral order of commitment, that the relators surrendered themselves to the deputy sheriff and requested him to place them in jail, that the application for the writ was presented to the presiding judge of this court, bail was granted, and relators were released. Following this, the district judge signed the judgment finding relators guilty of contempt and committing them, and that thereafter each of them was arrested by the sheriff and each made bond.

It is the settled law of this state that a district judge has no authority to commit a person for constructive contempt on a mere verbal order. Ex parte Eager, 128 Tex. Cr. Rep. 97, 79 S.W. 2d 136, Harbison v. McMurray, 163 S.W. 2d 680, and cases there cited.

Since the application for the writ of habeas corpus was prematurely made and granted, the application will be dismissed. Ex parte Jonischkies, 92 Tex. Cr. Rep. 461, 224 S.W. 1092.

The contempt decree is predicated upon the theory that relators' conduct, including the election of a special judge, was in violation of the order of the regular judge providing for the time for holding sessions of the court during the term.

Relators, on the other hand, contend that the election of the special judge was authorized by statute, that the official acts of the special judge were lawful, and that bad faith or improper motive upon the part of the relators, if any, was immaterial and could not constitute contempt.

The many questions raised appear to be civil in nature.

In view of the above, we deem it appropriate to say that, in the event of a further application for writ of habeas corpus by relators attacking the validity of the commitment, this court will exercise its jurisdiction only upon a showing that the civil courts have declined to pass upon the legality of the confinement of relators under the contempt decree.

Applications for writs of habeas corpus are dismissed.