## Ex Parte Nina Ruth Elmore Morris

No. 8439. Decided July 19, 1961
Rehearing overruled October 3, 1961
(349 S. W. 2d Series 99)

*Jerry Murad,* of Fort Worth, for relator.

*Alfred J. Russell,* of Fort Worth, for respondent.

MR. JUSTICE WALKER delivered the opinion of the Court.

This original habeas corpus proceeding is a sequel to Ex parte Elmore, 161 Tex. 585, 342 S.W. 2d 558. Nina Ruth Elmore Morris, relator, and her former husband had there been held in contempt by the district court for failing to deliver a freezer and certain other personal property to the sheriff as previously directed by the court. At the contempt hearing held on August 16, 1960, relator testified that she did not know where the property was located and had not had the same in her possession for almost two years. We discharged both parties on the ground that there was no evidence to authorize a finding that they were in possession of the property and able to comply with the delivery order.

While that proceeding was pending here, the District Judge ordered a member of the Ft. Worth Bar to conduct an investigation and initiate an inquiry into the conduct of the parties and their testimony. An affidavit was filed by such attorney in the district court charging that relator had given false testimony at the former hearing, and relator was cited to appear and show cause why she should not be held in contempt for perjury. The evidence introduced at the ensuing hearing disclosed that relator stored the freezer with two friends in 1959. It remainded in their possession until removed by relator at their request after they read newspaper accounts of the first contempt hearing. Relator's attorney admitted, in effect, that her testimony given at such hearing was false, and she subsequently surrendered the freezer and other property in accordance with the earlier court order.

After the second hearing, the district court adjudged relator guilty of contempt for knowingly giving perjured testimony. The punishment assessed was a fine of $100.00 and three days in jail. An allowance of $2,500.00 was also made to the investigating attorney and charged as court costs. The contempt decree directs that relator remain in jail for three days and thereafter until the $100.00 fine and all costs are paid. Relator again applied to this Court for a writ of habeas corpus. We granted the writ and ordered her admitted to bail pending a final decision. Upon further consideration we have concluded

that the writ was improperly granted because the Supreme Court has no original habeas corpus jurisdiction in this type of case.

Unlike the Court of Criminal Appeals, we do not have general original jurisdiction to grant writs of habeas corpus. Article V, Section 3, of the Constitution provides that "the Supreme Court and the Justices thereof shall have power to issue writs of habeas corpus, *as may be prescribed by law * * .*" Article 1737, Vernon's Ann. Tex. Civ. Stat., authorizes us to issue the writ where "any person is restrained in his liberty by virtue of any order, process or commitment issued by any court or judge *on account of the violation of any order, judgment or decree theretofore made, rendered or entered by such court or judge* in any civil cause."

As pointed out in Ex parte Jackson, 113 Tex. 58, 252 S.W. 149, the statute limits our power in the language just stated, and we may inquire only into restraint brought about by an order or process of the court issued because of the violation of some order, judgment or decree in a civil case.  See also Ex parte Green, 116 Tex. 515, 295 S.W. 910.  The following excerpt from the opinion in the Jackson case is apposite here:

"Duncan's Case illustrates the limited jurisdiction of this court.  Hon. John T. Duncan was attorney in a certain civil case tried in the district court of the Twenty-Second district. The case was appealed, and Judge Duncan filed a brief for one of the parties.  Objection was made to a portion of the language used in this brief, and for which the trial court held him in contempt.  He thereupon applied to this court for a writ of habeas corpus, which was refused without a written opinion.  One of the judges, however, endorsed on the application that this court declined to issue the writ for lack of jurisdiction.  78 Tex. Cr. R. 447, 182 S.W. 313, 2 A.L.R. 222.  It is apparent that Judge Duncan was held in contempt by the trial court, not for violating any order made by the court in a civil case, but because of certain language used in a brief filed in the case.  From this statement it appears that, although the alleged contempt arose out of a civil case, yet, since it did not arise by reason of a violation of the court's order, the Supreme Court declined to take jurisdiction.  The Court of Criminal Appeals, as shown by the report of the case, did take jurisdiction, and discharged the relator."

Another proceeding with a somewhat similar history is Ex parte Jones, Tex. Cr. App., 163 Tex. Cr. R. 475, 294 S.W. 2d 111, 164 Tex. Cr. R. 208, 298 S.W. 2d 121.   Several attorneys were held in contempt for electing a special judge to try an election contest during the month shown as "vacation" on the calendar issued by the regular judge.   They first sought relief in the Court of Criminal Appeals.   Their application for a writ of habeas corpus was dismissed as having been prematurely filed, and the court stated that in the event of a further application it would exercise jurisdiction only upon a showing that the civil courts had declined to pass upon the legality of the confinement.   An application for a writ of habeas corpus was then made to this Court.   The parties had not been committed for violating an order, judgment or decree of the court, and we refused to grant the writ.   The Court of Criminal Appeals later assumed jurisdiction and ordered the relators discharged.

Statements can be found which indicate that Article 1737 confers jurisdiction on the Supreme Court in all cases where the commitment grows out of proceedings had in a civil action. In Ex parte Cummings, 75 Tex. Cr. R. 70, 170 S.W. 153, the Court of Criminal Appeals said it made that holding in Ex parte Mussett, 72 Tex. Cr. R. 487, 162 S.W. 846, and Ex parte Zuccaro, 72 Tex. Cr. R. 214, 162 S.W. 844, L.R.A. 1913B 354. The broad language used in the Cummings, Mussett and Zuccaro cases was unnecessary to the holdings there made.   Mussett and Zuccaro were held in contempt for violating the terms of injunctions previously issued, and this Court undoubtedly had jurisdiction under the provisions of Article 1737.   The Cummings case was an appeal in a habeas corpus proceeding originally instituted in the district court.   The Court of Criminal Appeals was there concerned with appellate rather than original jurisdiction, and Article 1737 deals only with the latter.   When relief is sought in the district court against confinement growing out of a civil action, the habeas corpus proceeding is a "civil case" within the meaning of the constitutional and statutory provisions defining the appellate jurisdiction of the civil courts.   Harbison v. Mc-Murray, 138 Tex. 192, 158 S.W. 2d 284.

An examination of the record in Ex parte Calhoun, 127 Tex. 54, 91 S.W. 2d 1047, discloses that Mrs. Calhoun was held in contempt for obstructing the administration of justice by interfering with an agreed settlement of a pending case.   There was no contention that she had violated an earlier court order.   In the course of the opinion it was said that the case involved issues

of civil contempt and that the Supreme Court had jurisdiction to grant the writ. Article V, Section 3, of the Constitution, and Article 1737 of the statutes were cited as supporting this conclusion, but the language of the Constitution and statute, the earlier decisions, and the facts of the case then under consideration were not mentioned. This suggests that the jurisdictional question may not have been fully considered. In any event the opinion expressed on that question has little weight because the application was dismissed on another ground.

The distinction between civil and criminal contempt is not a material consideration, because the Legislature has not defined our jurisdiction in those terms. To say that Article 1737 empowers us to act whenever the restraint grows out of proceedings in a civil case, it would be necessary to disregard the twenty-one words italicized above. This we cannot do. The language of the statute is too plain to admit of doubt. Our original habeas corpus jurisdiction is limited thereby to cases in which a person has been confined for violating an order, judgment or decree in a civil cause, and we are without power to inquire into the legality of restraint imposed for some other reason.

Our order heretofore entered granting the writ of habeas corpus in this cause is set aside. Relator is remanded to the custody of the Sheriff of Tarrant County, and her application for a writ of habeas corpus is dismissed without prejudice.