**Ex parte Joseph M. CVENGROS.**

**No. 37158.**

Court of Criminal Appeals of Texas.

Nov. 18, 1964.

Rehearing Denied Jan. 6, 1965.

Holman, Saccomanno, Clegg & Martin, Houston, Norman W. Black, Houston, of Counsel, for petitioner.

Frank Briscoe, Dist. Atty., Carl E. F. Dally and James C. Brough, Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

WOODLEY, Presiding Judge.

Petitioner seeks relief from an order entered in a civil suit (to which he was not a party) adjudging him in contempt of court for violation of a temporary injunction and remanding him to jail for three days and until a fine of $100 and costs were paid.

█ This Court has general original jurisdiction to issue writs of habeas corpus. Art. V, Sec. 5, Constitution of Texas, Vernon's Ann.St.

The Supreme Court of Texas has jurisdiction to issue writ of habeas corpus where any person is restrained in his liberty by virtue of any order, process or commitment issued by any court or judge on account of the violation of any order, judgment or decree theretofore made, rendered or entered by such court or judge in any civil case. Art. 1737 Vernon's Ann.Civ.St.; Ex parte Morris, 162 Tex. 530, 349 S.W.2d 99.

█ As a general practice, where there is reason to believe that the application falls within the area of concurrent jurisdiction, the Court of Criminal Appeals will decline to act until the Supreme Court has decided whether the case comes within its restricted habeas corpus jurisdiction.

If the Supreme Court exercises jurisdiction and issues or refuses to issue the writ, its orders will be treated by the Court of Criminal Appeals as a final disposition of the matter.

Ex parte Mussett, 72 Tex.Cr.R. 487, 162 S.W. 846, points out the reasons for the rule stated. See also Appellate Procedure in Texas, Original Jurisdiction of the Courts, Habeas Corpus, Ch. 1–3.

This petition was first presented to the Supreme Court where it was disposed of without written order. This Court ordered the petition filed and set for hearing on the question of whether the writ should issue, believing that the Supreme Court had declined to assume jurisdiction.

█ It now appears that the Supreme Court considered the petition and refused to issue the writ, but did not do so because of any question as to its jurisdiction.

The Supreme Court having concurrent jurisdiction under Art. 1737 V.A.C.S., the petition for writ of habeas corpus is dismissed.