**In re Thomas V. NEWTON.**

**No. 1345.**

Court of Civil Appeals of Texas,
Houston (14th Dist.).

Feb. 25, 1976.

Edward C. Carrington, Jr., Eugene B. Wilshire, Jr., Houston, for appellant.

John M. Robinson and John Perkins, Houston, for appellee.

CURTISS BROWN, Chief Justice.

This is an original habeas corpus proceeding brought under Tex.Rev.Civ.Stat.Ann. art. 1824a (Supp.1975).

On October 22, 1975 the wife of Thomas V. Newton (relator) filed a petition for divorce. On October 24 the trial court granted a temporary restraining order that restrained the relator from disposing of $10,000 in his possession, incurring any indebtedness, or making withdrawals from any checking or savings accounts. The court's order also commanded relator to appear at a hearing on November 19 to show cause why an injunction should not be granted and why he should not be required to file a complete inventory and financial statement. Relator, represented by counsel, appeared at the November 19 hearing and stated that the $10,000 in question had been stolen from him on October 23. At the close of the hearing the trial judge stated that the relator would be found in contempt of court "for lying under oath and will be committed for thirty days until he comes up with a better story."

The following day an order of commitment was signed reciting that:

[T]he Court finds and now holds that the said THOMAS V. NEWTON has purposely and openly violated the Order of this Court, having disposed of said $10,000.00 and having failed to explain to the Court . any plausible reason for its disposition. . . .

Immediately following the above typewritten words appeared these hand-written words:

& having willfully lied to the court under oath in his attempt to explain a plausable [sic] reason for its disposition.

The order then concluded with the following typewritten paragraph:

It is, therefore, ORDERED by this Court that THOMAS V. NEWTON be, and he is hereby, held in contempt of Court with relation to the matters referred to, and the said THOMAS V. NEWTON is hereby committed to the custody of the Sheriff of Harris County, Texas, to be by him confined in the Harris County Jail for a term of thirty (30) days or until he purges himself of the contempt of which this Court hereby finds him guilty. .

At the outset we are faced with a novel jurisdictional question. Article 1824a limits our jurisdiction in habeas corpus proceedings to cases in which the relator is restrained in his liberty

by virtue of any order, process, or commitment issued by any court or judge on account of the violation of any order, judgment, or decree theretofore made, rendered, or entered by such court or judge in a divorce case, wife or child support case, or child custody case.

■ Although somewhat narrower, our habeas corpus jurisdiction is similar to that conferred on the supreme court by Tex.Rev. Civ.Stat.Ann. art. 1737 (1962). Neither the supreme court nor courts of civil appeals may inquire into the legality of restraint imposed for some reason other than the violation of a court order. *Ex parte Waters*, 498 S.W.2d 144 (Tex.Sup.1973); *Ex parte Hosken*, 480 S.W.2d 18 (Tex.Civ.App.– Beaumont 1972, no writ). The supreme court has specifically held that it is without power to inquire into the legality of restraint imposed for knowingly giving perjured testimony. *See Ex parte Morris*, 162 Tex. 530, 349 S.W.2d 99 (1961). Therefore, this court may not do so.

In the instant case, however, there are two distinct acts for which the relator was held in contempt: lying under oath and violating a temporary restraining order. Thus, relator is restrained, at least in part, on account of the violation of an order of the court.

■ Perhaps equally important, the rule has been adopted in Texas that where one penalty is affixed for more than one act of contempt, and it is found that the relator could not be held in contempt for one of the acts, the whole judgment is tainted and is void, and a person held under it is illegally restrained of his liberty. *See Ex parte Werner*, 496 S.W.2d 121 (Tex.Civ.App.–San Antonio 1973, no writ); *Ex parte Turner*,

478 S.W.2d 256 (Tex.Civ.App.–Houston [1st Dist.] 1972, no writ). We therefore conclude that we have jurisdiction over this original proceeding and may inquire into the legality of relator's restraint to the extent that it was imposed on account of the violation of a previous court order.

 Turning to the merits of the case, we find that prior to his commitment the relator received no notice whatsoever of any contempt charges against him. Since the act made the basis of the contempt citation occurred outside the presence of the court, the commitment was for "constructive contempt" as opposed to "direct contempt." *See Ex parte Arnold*, 503 S.W.2d 529 (Tex.Crim.App.1974). It is well settled that in such cases the accused must have full and complete notification of the subject matter before a punishment can be imposed for contempt. *Ex parte Edgerly*, 441 S.W.2d 514 (Tex.Sup.1969); *Ex parte Ratliff*, 117 Tex. 325, 3 S.W.2d 406 (1928). Not having received such notification, relator was denied due process.

Inasmuch as relator could not be so summarily held in contempt for the act of violating the trial court's temporary restraining order, the whole judgment of contempt is void. The relator is ordered discharged.