**Ex parte Ivan Carroll DILLARD.**

**No. 8670.**

Court of Civil Appeals of Texas,
Texarkana.

Jan. 19, 1979.

Frank L. Supercinski, Longview, for relator.

R. L. Whitehead, Jr., Longview, as attorney of record.

RAY, Justice.

This is an original habeas corpus proceeding. Relator, Ivan Carroll Dillard, filed his motion with this Court for leave to file his original application for writ of habeas corpus and the motion was granted. Without granting a conditional writ of habeas corpus and admitting relator to bail, we proceeded to hear the matter on its merits and have concluded that the application should be refused.

The only available procedure for review of contempt orders and judgments is an original application for a writ of habeas corpus. *Wagner v. Warnasch,* 156 Tex. 334, 295 S.W.2d 890 (1956). There is no provision for the appeal of a conviction for contempt in Texas. Relief by habeas corpus may be had only from a void order or judgment. *Ex Parte Dustman,* 538 S.W.2d 409 (Tex.1976); *Ex Parte Cardwell,* 416 S.W.2d 382 (Tex.1967); 6 Texas Practice, Secs. 591 and 592, pp. 434–437 (1973). Since an original habeas corpus proceeding is a collateral attack upon the contempt order, the relator may be relieved of that order's impositions only if the order is void. An order of contempt imposing a coercive restraint is void if the condition for purging the contempt is impossible of performance. *Ex Parte Dustman,* supra.

The divorce decree entered on August 30, 1973, required relator Dillard to pay child support in the sum of $125.00 per week until the youngest child reached the age of 18 years. That decree was modified on November 14, 1973, to provide that relator would be required to pay the sum of $80.00 per week, representing the sum of $60.00 per week as child support and $20.00 per week to apply on the arrearages in the amount of $1,200.00, until the arrearages were paid in full and then the payments would be reduced to the sum of $60.00 per week until the youngest child reached the age of 18 years.

On July 13, 1978, relator was found to be in contempt for failure to pay the child support as ordered and was committed to the custody of the sheriff of Gregg County for confinement in the local jail. No written order was entered at that time and on July 17, 1978, the Court of Civil Appeals at Tyler ordered relator's release following a hearing on his writ of habeas corpus. On July 19, 1978, the trial court entered its written order of commitment, without further notice or hearing, commanding the sheriff of Gregg County to confine relator for a term of six months as punitive punishment and to confine relator until he paid the arrearages, costs and attorney's fees as coercive punishment.

Relator again sought a writ of habeas corpus in the Court of Civil Appeals at Tyler, but that Court denied relator's motion for leave to file the application for writ of habeas corpus on August 22, 1978.

Previously, on August 3, 1978, relator had sought his release by filing an application for writ of habeas corpus in the Texas Supreme Court. The Supreme Court entered the following order:

"Relator's application for writ of habeas corpus filed herein on August 3, 1978, in the above numbered and entitled cause having been duly considered, it is ordered that said application for writ of habeas corpus be, and hereby is, denied.

"It is further ordered that relator, Ivan Carroll Dillard, pay all costs expended and incurred in this case in this Court."

On October 24, 1978, this Court granted relator's motion for leave to file his application for writ of habeas corpus and set the case for hearing on its merits on November 28, 1978.

■ The Texas Supreme Court has jurisdiction to issue writs of habeas corpus in civil matters pursuant to Tex.Rev.Civ.Stat. Ann. art. 1737. The Courts of Civil Appeals have jurisdiction to issue such writs only in cases related to divorce, wife or child support, or child custody as prescribed by Tex. Rev.Civ.Stat.Ann. art. 1824a (Supp.1978). Thus, it can be seen that the Texas Supreme Court and the Courts of Civil Appeals in Texas have concurrent jurisdiction to issue writs of habeas corpus in divorce cases and family-related matters. Courts of Civil Appeals were given habeas corpus jurisdiction in 1969 in order to relieve the Supreme Court of the vast workload associated with writs of habeas corpus arising out of divorce and family matters. Ordinarily, the Supreme Court will refuse to entertain writs of habeas corpus in family code matters unless the Court of Civil Appeals' concurrent jurisdiction has been unsuccessfully sought. See Sales & Cliff, *Jurisdiction in the Texas Supreme Court and Courts of Civil Appeals*, 26 Baylor L.Rev. 501, at 536 (1974); and, Chadick, *Original Habeas Corpus Proceedings in the Courts of Civil Appeals*, 33 Tex.B.J. 183 (1970).

The record does not reflect upon what grounds the writ of habeas corpus was sought in the Texas Supreme Court, but the Court could have granted the writ only if it found the trial court's order to be void. The logical conclusion to be drawn is, that on the grounds presented, the Court determined that the order was not void. The grounds urged for granting the writ in this Court were grounds which existed at the time the writ was sought in the Supreme Court and which could and should have been urged at that time. Relator asserts in this Court that once he was discharged by the writ of habeas corpus issued by the Tyler Court of Civil Appeals, that he could not thereafter be committed to jail for contempt without the issuance of new notice

and a new hearing, because to do so would be a denial of due process of law. It is further asserted by relator that the November 14, 1973, order is ambiguous and unenforceable; that the contempt order is void because relator was unable to pay child support and the arrearages at the time he was held in contempt; that relator's second confinement constituted double jeopardy. All of those matters were available to be urged to the Supreme Court, including the assertion that the relator was unable to obey the coercive portion of the judgment of contempt. We do not know what was urged by relator nor do we know the reasons the Supreme Court denied the writ.

The punitive punishment of six months' confinement has now elapsed and only the coercive portion of the contempt order remains.

■ If the Texas Supreme Court had refused to grant leave to file the application for writ of habeas corpus, this Court would likely feel obligated to consider the matter upon the grounds urged by relator. However, in this case the Texas Supreme Court, a court of concurrent jurisdiction, filed relator's application, duly considered it, and then denied relief. Since the Supreme Court is the court of final jurisdiction, its orders will be treated by this Court as the final disposition of the matter. To do otherwise, would put this Court in the position of reconsidering the final orders of the Texas Supreme Court which we decline to do for obvious reasons. See *Ex Parte Cvengros*, 384 S.W.2d 881 (Tex.Cr.App.1964); *Ex Parte Mussett*, 72 Tex.Cr.R. 487, 162 S.W. 846 (1913).

We have found no case directly in point and believe this to be a case of first impression. Most contemners will probably seek relief in a Court of Civil Appeals in family code matters rather than going to the Supreme Court first. However, if relief is first sought in the Texas Supreme Court, then it would be helpful to the Courts of Civil Appeals if the attorneys for the parties would provide the Court of Civil Appeals with information concerning the action taken by the Supreme Court such as what grounds were urged to that Court and whether that Court considered the application on its merits or deferred consideration to the Court of Civil Appeals.

■ Since Gregg County is located in both the Twelfth Supreme Judicial District and the Sixth Supreme Judicial District as an "overlap" county, it is possible to do some forum shopping which should be discouraged if one Court of Civil Appeals has already had the opportunity to consider granting leave to file an application for writ of habeas corpus.

We have concluded that relator's application for writ of habeas corpus should be denied because the Supreme Court has already considered the matter and denied relief.

■ Relator may now seek a modification of the contempt order in the trial court or file an application for writ of habeas corpus in the district court seeking his release on the basis that it is impossible for him to purge himself from the coercive portion of the contempt order.