### JAMES HARKINS v. MURPHY & BOLANZ ET AL.

Decided July 3, 1908.

**Agent—Can not Prosecute Suit for Another.**

In this State a party can not appear in a court of record and prosecute or defend his suit therein by his agent or attorney in fact who is not an attorney at law duly licensed to practice as such.

Error to the District Court of Dallas County. Tried below before Hon. Richard Morgan.

*Herman Kruegel,* for plaintiff in error.

*Cobb & Avery,* for defendants in error.

RAINEY, CHIEF JUSTICE.—This suit was instituted in the District Court of Dallas County by James Harkins, acting by his agent and attorney in fact, Herman Kruegel, against Murphy & Bolanz, and others, as defendants, in the nature of a bill of review, and to set aside the judgment, and for a new trial in case No. 20340, styled James Harkins v. Murphy & Bolanz et al., the judgment therein having been rendered May 17, 1901. The pleadings of plaintiff are voluminous, consisting of 47 pages of typewritten matter. The defendants excepted to the petition, among other things, for the reason that the suit was brought and

was being prosecuted by Herman Kruegel, who is not an attorney-at-law, and has no right to prosecute suits for others in the courts of this country. This exception, among others, was sustained, and the plaintiff declining to amend, the suit was dismissed. The plaintiff, acting solely by said Herman Kruegel, perfected a writ of error to this court. Defendants in error duly filed a motion in this court to dismiss the writ of error on the ground that this suit was brought by, and the petition for writ of error and assignments of error were filed by, and the writ of error is being prosecuted by, Herman Kruegel, as agent and attorney in fact for James Harkins, and said Kruegel is not a lawyer, and has no legal right to bring and prosecute suits and writs of error for others. The pleadings of plaintiff upon their face allege that Herman Kruegel is not a lawyer, but that he is agent and attorney in fact for James Harkins.

The question presented by the motion is: Can a party appear in a court of record and prosecute or defend his suit therein by his agent or attorney in fact, who is not an attorney at law duly licensed to practice as such? The plaintiff in error contends that section 10, article 1, of the Constitution provides that, in criminal prosecutions, the accused has the right of being heard "by himself or counsel, or both," and that this power is broad enough to include his right to appear by agent or attorney in fact, although such agent or attorney in fact is not an attorney at law.

The laws of this State at the time of the adoption of the Constitution required one desiring a license to practice as an attorney and counselor at law to present his application for license to the District Court, accompanied by a certificate from the County Commissioners' Court that he is twenty-one years of age, and that he has a good reputation for moral character and honorable deportment, after which he was required to undergo an examination, and, if satisfied with his legal attainments, the court was authorized to give him a license. He was required to take the constitutional oath of office, and could be removed or suspended from practice by any of the courts in which he was authorized to practice. There were other laws in force at the time carefully guarding the right to practice law, not only in the admission to practice, but in the standing and maintaining such rights thereafter. Revised Statutes, article 255 *et seq.* Since the adoption of the Constitution the law has been made much more stringent in these requirements (Gen. Laws 1903, p. 59), and the course of study to be pursued by the applicant has been carefully mapped out. Rules for Supreme Court, 96 Texas, 637. An attorney, after being admitted to practice, becomes an officer of court, exercising a privilege or franchise. 4 Cyc., p. 898.

The bill is signed by Herman Kruegel, agent and attorney in fact. Agency is the legal relation founded upon the express or implied contract of the parties, or created by law, by virtue of which the party, the agent, is employed and authorized to act for the other, the principal. Mechem on Agency, p. 1, section 1. If the contention of plaintiff in error is correct, then, as stated by Chief Justice Marston, in the case of Cobb v. Judge of Superior Court, 43 Michigan, 290, "Parties may appear by agents possessing no legal qualification, or even ordinary intelligence, and of the worst possible character; they may be minors, and may even be persons who have been disbarred and removed by this court from practicing as attorneys and solicitors. They could not practice as attorneys,

possessing neither the legal nor moral qualifications for such a position, and yet they could appear as agents. They would possess the rights of attorneys but not be subject to the responsibilities; their removal by the court, if they could be removed, would be a mere idle ceremony. Litigants might again employ them and authorize them to appear and represent their interests, so that persons who could not practice as attorneys could as agents, with equal rights and powers. Such could not have been the intention of the framers of our fundamental law or of the people in adopting it. There are still additional reasons for this view. Attorneys are licensed because of their learning and ability, so that they may not only protect the rights and interests of their clients, but be able to assist the court in the trial of the cause. Yet what protection to clients or assistance to courts could such agents give? They are required to be of good moral character, so that the agents and officers of the court, which they are, may not bring discredit upon the due administration of the law, and it is of the highest possible consequence that both those who have not such qualifications, in the first instance, or who, having had them, have fallen therefrom, shall not be permitted to appear in courts to aid in the administration of justice. One of the principal powers possessed by courts for the protection of the public, and to maintain the high standing, character and reputation of the bar, is the right to expel members who have been shown guilty of immoral acts, thus rendering them unworthy to longer retain their position as officers of the court."

We do not wish to be understood, in quoting the above, as reflecting on the agent and attorney in fact of plaintiff in error, or as intimating that he is not a man of good reputation and standing. In the case from which the question is taken the Supreme Court of Michigan had under consideration a clause of the Constitution of that State, providing that "every suitor shall have the right to prosecute or defend his suit, either in person or by an attorney or agent of his choice." We have not the Constitution of that State before us, but Mr. Mechem, in his work on Agency, in discussing the question, states the clause as above quoted. Mechem on Agency, section 806. It was held that this clause did not authorize a party to appear in a court of record by an agent who is not an attorney at law. The decision is exhaustive, and shows careful investigation, and should be considered decisive of the contention of plaintiff in error.

Again, it is insisted that Kruegel not only prosecutes this suit as agent, but also as attorney in fact of James Harkins. An attorney in fact is defined as a private or special attorney appointed for some particular or definite purpose not connected with a proceeding at law. Weeks on Attorneys (2d ed.), section 28; Black's Law Dictionary, p. 105. Thus, it is seen that the very definition of attorney in fact excludes the idea that he is authorized to represent his principal in proceedings in court.

The Constitution authorizes the accused, in criminal prosecutions, to appear by himself or counsel, or both. The word "counsel," as used in the Constitution, has a well-established meaning. As there used, it means an advocate, counsellor or pleader; one who assists his client with advice and pleads for him in open court. Black's Law Dictionary, p. 283. It does not mean one not admitted to practice law.

Then again, this section of the Constitution has reference to criminal prosecutions. The Constitution is silent as to the right of a party to a civil action to appear by another. Article 1209 of the Revised Statutes provides that "any party to a suit may appeal and prosecute or defend his rights therein, either in person or by an attorney of the court." This statute, under the familiar maxim, *expressio unius est exclusio alterius,* requires that a party, in prosecuting or defending his suit, shall do so in person or by an attorney of the court. The Legislature having expressly named an attorney of the court as entitled to represent a party to a suit, thereby, by implication, excluded the right of any other to do so.

The trial court properly held that James Harkins could not institute and prosecute his suit in court by his agent and attorney in fact who was not an attorney of the court, nor can he prosecute a writ of error in this court by such agent and attorney in fact who is not a licensed attorney of this court.

It follows that the motion to dismiss the writ of error must be sustained.

The writ of error is dismissed.

*Dismissed.*

Application for writ of error dismissed.