## TEXAS EMPLOYERS' INS. ASS'N v. CLOUD et al.

### No. 2007.

Court of Civil Appeals of Texas. Waco.

Oct. 27, 1938.

Rehearing Denied Nov. 10, 1938.

Head, Dillard, Maxey-Freeman & Mc-Reynolds, of Sherman, for appellant.

Webb & Webb, of Sherman, for appellees.

ALEXANDER, Justice.

This is a workmen's compensation case and the appeal involves not only the right of the employee to recover compensation but the right of his attorneys to compensation for their services. The Industrial Accident Board made an award in favor of Johnnie Cloud, the injured employee, and apportioned a part thereof to Webb & Webb, his attorneys, as a fee for representing him before the Board. The insurance company filed this suit to set aside the award, joining Webb & Webb along with Cloud as parties defendant. Upon the trial the jury found, total and permanent disability and facts authorizing a lump sum settlement. Accordingly, judgment was entered on December 14, 1936, against the insurance company for $2,513.41, apportioning two-thirds thereof to Cloud and one-third to Webb & Webb. On December 16, 1936, the insurance company, without the knowledge or consent of Webb & Webb, entered into a settlement agreement with Cloud, by which the company agreed to pay him the sum of $575, plus an at-torney's fee to be fixed by the court, in full settlement of his claim, and having paid Cloud the sum of $575, the company took his receipt therefor in full settlement of his portion of the judgment and a written request from him that the former judgment be set aside and a new trial granted. Thereafter, during the same term of court, the insurance company filed a motion to reform the judgment, setting up the settlement with Cloud and tendering into court the sum of $287.50 for Webb & Webb in full settlement of the judgment and requesting the court to tax the costs against the insurance company and to otherwise adjudge the claim of Cloud and his attorneys to be fully settled and discharged. In the alternative, said insurance company prayed for a new trial on certain grounds to be hereinafter discussed. Thereafter, on February 11, 1937, at the same term of court, the court entered what is denominated a "reformed judgment" in which the former judgment was set out in full and referred to as having theretofore been entered by the court, and it was recited that subsequent to the entry of such former judgment the said Johnnie Cloud had settled his claim with the insurance company and it was thereupon adjudged that he take nothing as against the insurance company. It was further decreed therein, however, that said attorneys, Webb & Webb, recover from the insurance company the sum of $837.80 as attorneys' fees due them, that being one-third of the original judgment formerly entered by the court. The insurance company has appealed.

The insurance company here contends that since under the settlement agreement between it and Cloud the latter received only the sum of $575, and since under the Workmen's Compensation Statute, art. 8306, sec. 7d, the fee to the attorney for the injured employee cannot exceed one-third of the total recovery, the insurance company, upon the payment of $287.50 into the registry of the court for the use of said attorneys and the payment of the court costs, should have been fully discharged as to all parties, including the claim of the attorneys for the injured employee. We cannot agree with this contention. An attorney is an officer of the court. 5 Tex.Jur. 418. He is allowed to participate in the trial of the case because it is presumed that he can be of assistance to the court in bringing about justice between the litigants. In fact, in modern

practice, his assistance is practically indispensable. His relation to the court is even closer in workmen's compensation cases than in most other litigation, for in such cases he cannot contract independently for a fee but must look to the court for approval of the amount thereof. In the case at bar the attorneys had performed their duty to the court as well as to their client, at least in part, by prosecuting the case to judgment, and the court in recognition of such services had decreed that one-third of the recovery be paid to them for their services. The insurance company and the injured employee could not thus destroy the attorneys' right to compensation for the services theretofore rendered by them by an agreement made without such attorneys' knowledge and consent, and the court's right to fix the amount of such fee could not be taken away by such ex parte proceedings. To so permit the parties to thus play with the court would be a mockery and such practice, if followed long enough, would make it impossible for the court to procure the services of an attorney who would be willing to forego the hazards of collecting a fee for representing an injured employee under such uncertain circumstances. This contention is overruled.

■ Appellant, in its motion for rehearing, complains of the manner in which the issues were submitted to the jury. The employee plead total and permanent disability, and alternatively alleged both total and partial temporary disability. The insurance company alleged that if the employee was injured at all, his injuries were only partial and temporary. The evidence was sufficient to raise both total and partial disability. By Special Issue No. 3, the court inquired whether the employee was totally incapacitated, and by special issue No. 8, whether he suffered partial disability, but the court instructed the jury not to answer issue No. 8 if they answered issue No. 3 in the affirmative. The jury found total disability in answer to issue No. 3, and hence did not answer Issue No. 8. The appellant objected to the manner of submitting the issues and contends that it was entitled to an unconditional submission of partial disability. This exact question was before the Supreme Court in the case of Texas Indemnity Ins. Co. v. Thibodeaux, 129 Tex. 655, 106 S.W.2d 268, and it was there held that the insurance company was entitled to an unconditional submission of the issue of partial disability.

See, also, Texas Employers Ins. Ass'n v. Phillips, Tex.Com.App., 107 S.W.2d 991, 993. The refusal of the trial court to submit issue No. 8 unconditionally requires a reversal of the judgment of the trial court. Since the judgment of the lower court must be reversed because of this error, we do not deem it necessary to decide the many other questions raised by the brief, none of which will likely arise in the same manner upon another trial.

The judgment of the trial court is reversed and the cause is remanded for a new trial.