**GOVERNMENT PERSONNEL AUTOMOBILE ASS'N et al. v. UNITED STATES.**

**No. 10080.**

Circuit Court of Appeals, Fifth Circuit.

Dec. 17, 1941.

T. B. Moursund and Frank M. Rosson, both of San Antonio, Tex., for appellant.

Michael Gould, Sp. Asst. to Atty. Gen., and Ben F. Foster, U. S. Atty., of San Antonio, Tex., for appellee.

Before HUTCHESON and HOLMES, Circuit Judges, and DAWKINS, District Judge.

DAWKINS, District Judge.

This is a suit to recover principal, interest and penalties of taxes assessed under Title IX of the Social Security Act, 42 U.S.C.A. § 1101 et seq., paid under protest. The facts have been stipulated and from them it appears that the plaintiff, appellant, was organized under Chapter 20, Title 78 of the R.S. of Texas of 1925, Vernon's Ann.Civ.St. art. 5024 et seq. Pertinent provisions of the statute are as follows:

"Individuals, partnerships and corporations of this State hereby designated subscribers are hereby authorized to exchange reciprocal or inter-insurance contracts with each other, or with individuals, partnerships and corporations of other States and countries, providing indemnity among themselves from any loss which may be insured against under other provisions of the laws, excepting life insurance." Art. 5024.

"Such contracts may be executed by a duly appointed attorney in fact duly authorized and acting for such subscribers. The office or offices of such attorney may be maintained at such place or places as may be designated by the subscribers in the power of attorney.

"Any person, firm or corporation may act as such attorney in fact, provided such attorney in fact shall make a good and sufficient fidelity bond acceptable to the Board of Insurance Commissioners of Texas and payable to the subscribers at the exchange, or, in lieu thereof, payable to the said

Board of Insurance Commissioners, such bond to be in the sum of Twenty-five Thousand Dollars ($25,000) in the case of an individual or firm, and Fifty Thousand Dollars ($50,000) in the case of a corporation, which said bond shall obligate the principal and surety to pay such pecuniary loss, not exceeding the penalty of the bond, as the exchange shall sustain of money or property by an act or acts of fraud, dishonesty, forgery, theft, embezzlement, wrongful abstraction or wilful misapplication on the part of the said attorney in fact directly or through connivance with others, and in the event of any violation of the conditions of said bond, the insurance supervisory authority of any State in which the attorney in fact is authorized to transact the business of the exchange may bring suit to enforce the penalty of the bond on behalf of the subscribers; provided, that a deposit with the proper lawful authority of the home State of such exchange of cash or securities of the kind in which general casualty companies may invest their funds, in like amount, conditioned, approved and payable in like manner, may be used in lieu of such bond." Art. 5025.

P. J. Hennessey, during the years 1936 to May, 1938, was the duly authorized attorney in fact for the association and thereafter until the filing of this suit, B. T. Hennessey occupied that position. During all the times involved here, the association "had only seven employees, exclusive and without considering the attorney in fact." The question is as to whether the attorney in fact was an employee within the meaning of the Social Security Act, so as to give the business the requisite number of eight to subject it to social security taxation. Each subscriber to the insurance scheme executes a power of attorney in favor of the attorney in fact, pertinent provisions of which are as follows:

"I, such Subscriber, hereby constitute and appoint B. T. Hennessey, San Antonio, Texas, Attorney-in-Fact for me, and in my name to exchange indemnity with such other subscribers, to make, subscribe, amend, reinsure, provide guaranty, and cancel contracts of insurance containing such terms as shall be deemed proper; to adjust and pay losses; to collect premiums and reinsurance under this contract, and to disburse same under the authority herein conferred; to institute and appear for me in any suit or claim that may arise out of such contract and to defend or compromise same; to perform all acts necessary to effect compliance under laws of any State; the intent and purpose of this instrument being to grant to my said attorney the power to enable me, through it, to exchange indemnity with other Subscribers, with power of substitution, substitute selected to be approved by the Advisory Committee."

"The funds of the Subscribers shall be deposited in banks or invested in convertible securities. Disbursements from the funds of Subscribers shall be by check only, each check numbered consecutively and filed. A separate individual account shall be kept by the Attorney-in-Fact for me and for each and every Subscriber, said accounts to be open for inspection at any reasonable time. The savings effected shall be accredited to my account either to reduce my next annual deposit or to provide an adequate surplus, and in event my contract is terminated, balance remaining to my credit after all outstanding claims have been apportioned, both of savings and surplus, shall be returned to me in cash.

"In consideration of acting in the capacity of Attorney-in-Fact under this power of attorney the aforementioned Attorney-in-Fact is authorized to deduct not to exceed 15% of all premium deposits as compensation. All expenses of the Exchange including taxes, reinsurance charges, license fees and legal, office, underwriting and traveling expenses shall be borne by the Exchange."

The attorney in fact has custody of all funds and assets of the association. The salaries of the seven admitted employees and expenses of the association are paid therefrom, but the attorney in fact receives fifteen per cent of premiums collected from subscribers, which, of course, varies with the amount of business done. He also exercises the following powers: Complete control of adjustment and payment of claims, hires and fixes the fees of adjustors, determines whether suits shall be filed, and employs and fixes compensation of the attorneys to defend or prosecute the same; decides which applications for membership shall be accepted or rejected, determines the type of contract used, and whether any shall be cancelled; exercises "complete control over the changing and collecting of premiums"; directs the type and extent of advertising; controls the investment of all funds, the volume of business that shall be accepted, selection of employees, their number, pay, and when they shall be discharged.

It is our opinion that the appellant is not an employee of the association or of the subscribers. The nature of the business is such that it is not carried on for profit as between the subscribers. The subscribers "exchange reciprocal or inter-insurance contracts with each other providing indemnity * * * from any loss which may be insured against * * *". Each agrees to pay through premiums to the association funds to be used to indemnify the losses of any subscriber. In other words, it is a system of mutual insurance carried on under express provisions of the Texas statute through the instrumentality of an attorney in fact, who may be an individual, partnership or corporation. His power is such that he runs and operates the association and carries out the obligations of the subscribers to each other as fully and completely as if each one at a given time had met and entered into an express contract and agreement that they would personally pay in monthly or annual installments a sum sufficient to cover any business losses of the character intended, and that this individual, after obtaining from the State the license or permit to act in that capacity, should in his discretion carry on the business with the authority and powers above enumerated. The attorney in fact executes bond in favor of the subscribers which is deposited with the Insurance Commissioner to protect them against his dishonesty; otherwise, they retain no control over him in carrying on the business. His authority is irrevocable. On the other hand, those whom he employs hold their positions at his pleasure. His relation to them is, in effect, that of an employer.

In these circumstances, the relation is analogous to that of a broker, attorney at law, or independent contractor, who undertakes to perform a special service as between the subscribers, and is lacking both in the fundamentals of employee and employer relationship, and the elements necessary to constitute employment under the regulations of the Treasury Department. See Texas Company v. Higgins, 2 Cir., 118 F.2d 636; Treat, Collector v. Tolman, 2 Cir., 113 F. 892; Harkins v. Murphy & Bolanz, 51 Tex.Civ.App. 568, 112 S.W. 136; Steward Machine Co. v. Davis, 301 U.S. 548, 57 S.Ct. 883, 81 L.Ed. 1279, 109 A.L. R. 1293; Treasury Regulations 90, Sec. 205.

The judgment appealed from is reversed.