**Ex parte Wesley HOFMAYER, Relator.**

**No. B–530.**

Supreme Court of Texas.

Nov. 1, 1967.

Sam Houston Clinton, Jr., Austin, for relator.

PER CURIAM.

This is a petition for writ of habeas corpus filed on behalf of Wesley Hofmayer, a minor, who is allegedly restrained of his liberty by being confined at the Mountain View School for Boys in Coryell County, Texas, by George B. Adams, Superintendent thereof, by virtue of a void order entered by the judge of the 98th District Court of Travis County, Texas, sitting as a Juvenile Court in cause No. J–3568. It is asserted that in the proceedings which resulted in the rendition of the allegedly invalid order, the relator was not afforded due process as required by the Fourteenth Amendment to the Constitution of the United States. See, In re Gault, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527; Hegwood v. Kindrick, 264 F.Supp. 720 (U.S.D.C., S.D. Tex.1967).

Under the provisions of the Texas Constitution and the pertinent Texas statutes relating to the original jurisdiction of this Court and the Court of Criminal Appeals, the circumstance that the cause out of which a restraint of a person's liberty arises may be classified as a civil case, is not sufficient to vest this Court with habeas corpus jurisdiction. Under Article 1737, Vernon's Ann.Tex.Stats., our jurisdiction to issue an original writ of habeas corpus extends only to those causes in which "a person has been confined *for violating an order, judgment or decree in a civil cause*, and we are without power to inquire into the legality of restraint imposed for some other reason." Ex parte Morris, 162 Tex. 530, 349 S.W.2d 99 (1961).

Under our Constitution, we do not have general original jurisdiction to grant the writ of habeas corpus as does the Court of Criminal Appeals. Article 5, §§ 3 and 5, Constitution of Texas, Vernon's Ann.St.

The petition is dismissed for want of jurisdiction.