**Ex parte Charles M. McDONALD, Relator.**

**No. B–1449.**

Supreme Court of Texas.

May 28, 1969.

Rehearing Denied June 25, 1969.

McLaughlin, Clark, Fisher, Gorin & McDonald, Leonard L. Gorin and Tom Ragland, Waco, for relator.

Ernest Coker, Hempstead, for respondent.

PER CURIAM.

The District Court of Waller County ordered Catherine E. McEnroe and others, all of McLennan County, to appear on November 29, 1968, to show why they held Michael Ray McEnroe "in custody and under restraint in his liberty." No hearing was held on that date, but on March 15, 1969, opposing counsel wrote to relator, counsel for Catherine E. McEnroe, advising "that the hearing in connection with the Writ of Habeas Corpus will be heard before the Honorable 9th District Court in Waller County at 10:00 A.M. on the 24th day of March, 1969."

Relator appeared in court on March 24, and when the Court learned that relator had advised his client that he did not think it was necessary for her to come to the hearing, relator was adjudged guilty of contempt and committed to the custody of the sheriff. A petition for writ of habeas corpus was filed in this court to seek relator's release.

 Relator did not violate an order of the court, since no order, verbal or written, was directed at him. It follows that the Supreme Court has no jurisdiction to grant this writ of habeas corpus.

The Court of Criminal Appeals has general jurisdiction to issue writs of habeas corpus. The jurisdiction of the Supreme Court to issue the writ is limited to instances where confinement is ordered "on account of the violation of any order, judgment or decree * * * in any civil cause." Article 1737, Vernon's Ann.Tex.Civ.Stat.; Ex parte Hofmayer, 420 S.W.2d 137 (Tex. Sup.1967); Ex parte Morris, 162 Tex. 530, 349 S.W.2d 99 (1961); Ex parte Jackson, 113 Tex. 58, 252 S.W. 149 (1923).

Our order heretofore entered granting the writ of habeas corpus in this cause is set aside. Relator is remanded to the custody of the Sheriff of Waller County, and his application for a writ of habeas corpus is dismissed without prejudice.