**Ex parte Charles M. McDONALD.**

**No. 42312.**

Court of Criminal Appeals of Texas.

Nov. 26, 1969.

George Clark, W. V. Dunnam, Jr., Leonard L. Gorin, Waco, for appellant.

Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

WOODLEY, Presiding Judge.

· This is a habeas corpus proceeding seeking relief from confinement under a judgment entered in the 9th District Court of Waller County on March 24, 1969, adjudging petitioner in contempt of court.

Petition for writ granted by the Supreme Court was set aside and the petition dismissed by the Supreme Court for want of jurisdiction. Ex parte McDonald, 441 S.W.2d 828.

Petition was then presented to a judge of this court who ordered the case set for submission on the question of whether the writ should issue, and set bond.

The facts surrounding the habeas corpus proceeding in which petitioner, a practicing attorney of the McLennan County Bar, appeared as counsel on March 24, 1969, and was held in contempt of court, are reflected by the opinions of the Supreme Court in Ex parte McDonald, supra, and Ex parte Peterson, 444 S.W.2d 286, and the opinion of the Court of Civil Appeals, 10th District, in Peterson et al. v. Coker et al., 436 S.W.2d 232.

Since this case was submitted the Court of Civil Appeals (14th District) in Peterson et al. v. McEnroe, No. 319, and Peterson et al. v. Coker et al., No. 320, filed October 29, 1969, has held that since the pleas of privilege on file were not controverted, the District Court of Waller County "had no authority to do anything in the habeas corpus proceeding except to transfer the case to McLennan County."

Petitioner was adjudged in contempt of court "for his activities in advising his clients that they did not have to make their appearance in attendance of this court" in response to a writ of habeas corpus theretofore issued, for a hearing set for March 24, 1969.

The Supreme Court in Ex parte Peterson, supra, held that after December 19, 1968, the District Court of Waller County "at least had the power to compel relators (petitioner's clients) to appear in court in response to the writ of habeas corpus previously issued by that court." However, no reference was made in the opinion to the pleas of privilege being on file and not controverted.

Whether the proceeding in the Waller County District Court, though in form of a habeas corpus proceeding, was in fact a civil suit to which the venue statute (Art. 1995 Vernon's Ann.Civ.St.) is applicable, is for the courts exercising civil jurisdiction.

While the decision of the Court of Civil Appeals is not final, it supports the opinion expressed by petitioner to his clients that they did not have to make their appearance in the Waller County District Court on March 24, 1969, and a finding of contemptuous conduct is not supported by the evidence.

The petition for writ of habeas corpus is granted and petitioner is ordered discharged.