Ex parte Gerald T. WATERS.

No. 47351.

Court of Criminal Appeals of Texas.

Oct. 3, 1973.

Tom Davis and Terry Weldon, Austin, for appellant.

Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

ONION, Presiding Judge.

This is an application for writ of habeas corpus invoking the original jurisdiction of the Court of Criminal Appeals and seeking relief from a determination by the 30th District Court of Wichita County that petitioner, an attorney at law, was guilty of three counts of contempt in the said District Court growing out of a divorce suit, Cause No. 93,696-1, in the said District Court in which the petitioner served as counsel for the defendant.[1]

1. The original jurisdiction of the Court of Criminal Appeals to issue writs of habeas corpus is unlimited. State ex rel. Wilson v. Briggs, 171 Tex.Cr.R. 479, 351 S.W.2d 892 (1961). See Article V, Sec. 5, Constitution of Texas, Vernon's Ann.Tex.St.

The Supreme Court of Texas has frequently pointed out that it does not have general original jurisdiction to grant the writ of habeas corpus as does the Court of Criminal Appeals. Ex parte Hofmayer, 420 S.W.2d 137 (Tex.S.Ct.1967). See Article V, Secs. 3 and 5, Constitution of Texas.

Under Article 1737, Vernon's Ann.Tex.St., the jurisdiction to issue an original writ of habeas corpus extends only to those causes in which a person has been confined for violating an order, judgment or decree in a civil cause and the Supreme Court is without power to inquire into restraint imposed for some other reason. Ex parte Morris, 162 Tex. 530, 349 S.W.2d 99 (1961); Ex parte Hofmayer, supra; Ex parte McDonald, 441 S.W.2d 828 (Tex.S.Ct.1969). See also Ex parte Jackson, 113 Tex. 58, 252 S.W. 149 (1923). Cf. Ex parte McDonald, 447 S.W.2d 938 (Tex.Cr.App.1969).

On May 23, 1973, an affidavit was filed alleging that petitioner was in contempt of court on five counts. A citation was issued and a hearing was conducted on June 1, 1973. Following the conclusion of the hearing, the District Court found the petitioner in contempt of court on three grounds: (1) In accepting an assignment to the beneficial interest in three life insurance policies from his client Billy H. Owen in a divorce case when petitioner knew that his client had a community interest therein and that a divorce case was pending in the 30th District Court of Wichita County, Texas; (2) In committing fraudulent and unprofessional conduct in seeking to dispose of community property in a divorce case in which petitioner had become an attorney; and (3) In effecting a transfer of personal community property during the pendency of a divorce when petitioner knew such transfer was void and thereafter instituting litigation based upon said void transfer.

Petitioner's punishment was fixed at 5 days in the county jail and a fine of $500 for each count of contempt.

Such judgment of contempt was signed on June 7, 1973. Prior to the entry of such order the petitioner filed a motion under Article 1911a, Sec. 2(c), Tex.Rev.Civ.St., asking that, as an officer of the court, he be released on his own personal recognizance pending a determination of his guilt or innocence by a judge of a district court other than the offended court. Such motion was denied and the petitioner ordered confined. This original application for writ of habeas corpus followed. The writ was issued and petitioner was ordered released on a $1,500 habeas corpus bond pending determination whether such writ should be granted by this court.

Article 1911a, supra, provides for the authority of courts to exercise contempt power prescribing penalties. In Sec. 2(c) thereof is found the following:

> "Provided, however, an officer of a court held in contempt by a trial court, shall, upon proper motion filed in the offended court, be released upon his own personal recognizance pending a determination of his guilt or innocence by a judge of a district court, other than the offended court. Said judge to be appointed for that purpose by the presiding judge of the Administrative Judicial District wherein the alleged contempt occurred."

The validity of this provision of the statute was upheld in Ex parte Howell, 488 S.W.2d 123 (Tex.Cr.App.1972).[2]

There is no dispute that the petitioner is an attorney at law, was involved in the divorce suit as counsel and was an officer of the court. In Dow Chemical Company v. Benton, 163 Tex. 477, 357 S.W.2d 565 (1962), the Texas Supreme Court held that "attorneys are officers of the court" at p. 567. Cf. Ex parte Norton, 144 Tex. 445, 191 S.W.2d 713 (1946); Harkins v. Murphy & Bolanz, 51 Tex.Civ.App. 568, 112 S.W. 136 (error dismissed); Texas Employers' Ins. Ass'n. v. Cloud, 120 S.W.2d 903 (Tex. Civ.App.) (error dismissed); Texas Sand Company v. Shield, 381 S.W.2d 48 (Tex.S. Ct.1964); Martinez v. State, 167 Tex.Cr. R. 97, 318 S.W.2d 66 (1958). See also Nixson v. State, 165 Tex.Cr.R. 602, 309 S.W.2d 454, 456 (1958).

■ It is clear that petitioner was entitled to have his motion under the provisions of Article 1911a, supra, granted.

The trial court erred in denying such motion and ordering the petitioner confined. The petitioner is entitled to the relief he seeks.

■ Petitioner further urges that this court review the record before us to deter-

2. In *Howell* the opinion states that the case involved an appeal from two contempt certificates. This was in error as the action involved an original application for habeas corpus.

mine if his acts constitute contempt of the district court. This we decline to do. The request is premature. The provisions of Article 1911a, Sec. 2(c), supra, provide for a determination of his guilt or innocence before a district court other than the offended court.

For the reasons stated the writ of habeas corpus is granted, petitioner is ordered released on his personal recognizance, and the Presiding Judge of the Administrative District, the Honorable Louis Holland, will appoint a District Judge to conduct the hearing prescribed by Article 1911a, Sec. 2(c), supra.

It is so ordered.