**In the Matter of the MARRIAGE OF**
**S\_\_\_\_\_ D\_\_\_\_\_ and H\_\_\_\_\_**
**Q\_\_\_\_\_ D\_\_\_\_\_.**

No. 8471.

Court of Civil Appeals of Texas, Amarillo.

June 24, 1974.

Kolander, Templeton & Hamilton (Hal Miner), Amarillo, for appellant.

Folley, Snodgrass & Calhoun (O. M. Calhoun), Amarillo, for appellee.

ROBINSON, Justice.

Respondent, the natural father of the child in controversy, adopted the child of himself and petitioner, the natural mother. On suit for divorce to terminate a subsequent ceremonial marriage of the parties, the trial court declined to hear evidence on the question of custody and awarded permanent custody to the father. Petitioner mother appealed. The portion of the divorce decree relating to custody is reversed and remanded.

The relevant pleadings and orders are listed in chronological order below, as denominated by the parties.

1. "PLAINTIFF'S ORIGINAL PETITION" filed July 20, 1973, by the petitioner mother, seeking a divorce on the ground of insupportability because of discord or conflict of personalities, alleging that one child was born of the marriage of the parties, and praying for permanent custody of the child.

2. "JUDGE'S FIAT" dated July 26, 1973, awarding petitioner temporary custody of the child.

3. "RESPONDENT'S PLEA IN ABATEMENT" filed July 26, 1973, alleging that petitioner had not been a resident of Potter County for the required six months prior to filing the petition for divorce in that petitioner had been a resident of Harris County for several months before the marriage of the parties on March 12, 1973.

4. "RESPONDENT'S ORIGINAL ANSWER AND CROSS–PETITION" filed August 16, 1973, alleging in part as follows:

" . . . In this regard, this Respondent would show unto the Court that prior to the first marriage of the parties hereto a child was born to the Petitioner herein out of lawful wedlock, and that said child was adopted by Respondent by an adoption proceeding in this Court in Cause No. 14744 on the 27th day of May, 1970; that thereafter the parties perfected a common law marriage which was dissolved by divorce on the 4th day of November, 1971, in Cause No. 15863 on the docket of this Court and in which proceeding no question of custody was determined as it was agreed that Respondent was entitled to Respondent's adopted son as against the Petitioner for the reason that all of the Petitioner's parental rights had been terminated by the adoption judgment, which is still in full force and effect."

Respondent prayed for "an order denying any custody rights to the Petitioner in and to the minor child of this Respondent . . . ."

5. "PLAINTIFF'S FIRST AMENDED PETITION" filed November 26, 1973, which incorporates by reference all of the allegations contained in "Plaintiff's Original Petition" and further includes petitioner's response to the allegations in Respondent's Cross-Petition concerning the adoption and custody of the minor child. She responded by alleging that her consent to the adoption had been induced by fraudulent representations among which was a representation that no change in her rights as a mother would result from the adoption and alleging that she had had actual custody of the child for most of the time since the adoption and was a fit and proper person to be given custody of the child.

6. "MOTION TO SET ASIDE ADOPTION" filed on November 26, 1973, in the original adoption case and purporting to be a bill of review. This motion to set aside the adoption is the subject of our opinion in Cause No. 8472, In Re: H———— D————, Jr., decided this day.

7. "RESPONDENT'S SUPPLEMENTAL PETITION IN ANSWER TO PETITIONER'S FIRST AMENDED PETITION" filed on December 5, 1973, the day of the trial and consisting of special exceptions to Petitioner's First Amended Petition.

On December 5, 1973, the trial court "denied and dismissed" Petitioner's Motion to Set Aside Adoption and proceeded to hear the parties' divorce case. The court refused to hear or consider "Petitioner's First Amended Petition" on the ground that it had not been on file for 60 days prior to the trial date and, over objection by petitioner, proceeded to hear Respondent's Cross-Petition for divorce. The trial judge refused to hear any evidence concerning custody of the child or concerning the fitness of the father, refused to permit petitioner to make a bill of exceptions, and instructed petitioner's counsel not to ask questions concerning the child.

The propriety of the trial court's refusal to hear Petitioner's First Amended Peti-

tion, which was filed subsequent to Respondent's Cross-Petition, is not before us on appeal except to the extent that it is raised by petitioner's points of error based on the refusal of the trial court to hear evidence concerning custody. Appellant petitioner contends that the trial court erred in its holding that there was no issue of custody before the court and in its refusal to permit petitioner to make a bill of exceptions on the excluded testimony.

Appellee seeks to support the trial court judgment by asserting that there are no pleadings to raise the issue of custody and that petitioner as a matter of law had no right to custody, her parental rights having been terminated by the adoption.

An examination of the pleadings shows that the issue of custody of the minor child was raised by respondent himself in Respondent's Original Answer and Cross-Petition (the pleading on which the trial court went to trial) the relevant portion of which is set out in this opinion. In addition, Plaintiff's First Amended Petition, filed subsequent to the Cross-Petition, responded to the custody allegations in the Cross-Petition.

■ The issue of which custody will best serve the interest of the child is before the court where, as here, the pleadings reasonably give notice of the custody claims. The trial court's exercise of broad equitable powers in determining what will be best for the child should be unhampered by narrow technical rules of pleading. Ross v. Orr, 214 S.W.2d 150, 153 (Tex. Civ.App.—El Paso 1948, writ ref'd), and cases therein cited.

■ The adoption judgment terminating appellant's parental rights will not preclude her from seeking custody. The rule in this respect is discussed in Urrutia v. Urrutia, 142 S.W.2d 267 (Tex.Civ.App.—El Paso 1940, writ ref'd) as follows:

"Section 7 of Article 46a provides that nothing in this Act shall prevent a court of competent jurisdiction from taking away from such adoptive parent the custody of the adopted child and awarding the child to the natural parents upon proof of the bad moral character of such adoptive parent, or upon proof of abuse, neglect or ill treatment of such adopted child by the adoptive parent, but even prior to the provision of Section 7, the courts have not hesitated to exercise such power. At all times the best interest of the child has been considered the primary consideration. Legate v. Legate, 87 Tex. 248, 28 S.W. 281. Nor is such power limited to the precise grounds stated in the above stated section of the statute. Rayon v. Landry, Tex.Civ.App., 289 S.W. 745. But certainly the statute contemplates that there must be proof of some fact or facts, whether of bad moral character of the adoptive parent or proof of abuse, neglect or ill treatment of the adopted child by the adoptive parent, that satisfies the trial court such custody of the adoptive parent is not for the best interest of the child; otherwise, the statute as to adoption would be meaningless."

■ The trial court erred in refusing to hear evidence on the question of custody. The court likewise erred in refusing to allow appellant to perfect a bill of exceptions. State v. Biggers, 360 S.W.2d 516 (Tex.1962). "Rule 372, Texas Rules of Civil Procedure 'Bills of Exceptions', allow [sic] any party who is dissatisfied with a ruling or an action by the court to embody his dissatisfaction in a written bill. The refusal by the court to allow a party to make a bill, is error." Smith v. State, 490 S.W.2d 902 (Tex.Civ.App.—Corpus Christi 1972, writ ref'd n. r. e.).

Since our holding that the trial court should hear evidence on the question of custody requires that the cause be remanded to the trial court, we do not reach appellant's other points of error. The cause is severed and affirmed as to the divorce and reversed and remanded to the trial court on the question of custody.