684 S.W.2d 762 (1984)
A.K.P., Appellant,
v.
J.A.P., Appellee.
No. 13-83-398-CV.
Court of Appeals of Texas, Corpus Christi.
November 20, 1984.
*764 Rita Beth Whatley, McAllen, for appellant.
Louis C. Brown, Mission, for appellee.
Before NYE, C.J., and SEERDEN and KENNEDY, JJ.

OPINION
SEERDEN, Justice.
This appeal is brought from an order modifying appellee's visitation rights with his daughter, who was born on October 12, 1975. The Decree of Divorce was signed on August 13, 1981, and appellee's possessory rights in connection with his daughter were set out as follows:
"... Said possessory conservator shall have the possession of said child ... at reasonable times and under reasonable circumstances and conditions on the second (2nd) and fourth (4th) weekends of each month, from Saturday morning at 8:00 A.M. until 6:00 P.M., and at such other times as the parties may agree upon. The possessory conservator is to pick up said child at the managing conservator's home at the time specified or agreed upon and return said child to the managing conservator's home at no later than 6:00 P.M."
On October 8, 1982, appellee sought to gain expanded access to his daughter by filing a motion to modify the possessory arrangement, alleging that the circumstances of the children (sic) or a person affected by the order to be modified had materially and substantially changed since the entry of the original order. Appellant denied that the circumstances of the child or a person affected by the order had materially or substantially changed, denied that the requested modification was in the best interest of the child, and alleged that a modification of the Decree of Divorce would be injurious to the child because, among other things, appellee and his spouse suffered from an incurable disease from which the child might be infected.
At the hearing on appellee's motion, the trial court properly found that the visitation rights included in the Decree of Divorce (and previously set forth in this opinion) were ambiguous. In addition, although the decree also provided for visitation rights "at such other time as the parties may agree upon," counsel for appellant conceded that appellant would not consent to the "other times" once she discovered that appellee and his present wife had herpes. The trial court was thus authorized to find also that the visitation provisions of the original decree were unworkable. After the hearing, the trial court granted appellee vastly expanded access to the child.
In her first point of error, appellant contends that appellee failed to prove that the circumstances of the child or any other person affected by the decree to be modified have materially changed since the original order. Before the 1983 amendments, and thus at all times pertinent to this case, Section 14.08(c)(2) of the Texas Family Code provided that the court could modify an order or portion of a decree that ... "sets the terms and conditions for access to or possession of a child ... if the circumstances of the child or a person affected by the order or portion of the decree to be modified have materially and substantially changed since the entry of the order or decree...." However, appellee failed to formally adduce evidence that he and appellant were unable to agree on any "other *765 such times." The precise issue before us is whether, considering the equitable nature of proceedings involving children, appellee's failure to formally adduce evidence of material change mandates a reversal of the trial court's action. We think not.
We note first that this case involves a modification of visitation rights rather than a change of custody; the prerequisite proof of change of circumstances is much more relaxed in visitation cases. Thus, if the prior order is unworkable and inappropriate under existing circumstances, including the behavior of the parties, no further change need be shown to justify a new visitation order. Boney v. Boney, 458 S.W.2d 907 (Tex.1970); Hanna v. Turner, 556 S.W.2d 866 (Tex.Civ.App.  Corpus Christi 1977, no writ). This rule has now been codified and incorporated in the TEX. FAM.CODE ANN. § 14.08(c)(3)(A) and (B) (Vernon Supp.1984).
At the beginning of the hearing on the motion, the judge admonished the parties to conduct the proceedings on the "meat of the thing and ... then we can put our arguments together and I can better rule on what I am supposed to rule on...." Counsel for appellant expressed the hope that "we do not have to argue all day." The conduct and statements of both counsel for appellant and counsel for appellee made it clear that the reason the parties were in the courthouse was because appellee and his present wife had become infected with herpes 2 virus and appellant wanted the child exposed to the virus as little as possible.
Thus, when considered in its entirety, the record affirmatively reflects that since the original Decree of Divorce, appellee had contracted herpes 2, after which appellant determined that appellee should see the child as infrequently as possible. It is axiomatic that in cases involving possession of and access to children, the best interest of the child shall always be the primary consideration. TEX.FAM.CODE ANN. § 14.07(a) (Vernon 1975). Technical rules and practice are of little importance when the welfare of a child and the relationship of child and its parent are at stake. Leithold v. Plass, 413 S.W.2d 698 (Tex. 1967); In re Marriage of D, 511 S.W.2d 606 (Tex.Civ.App.1974, no writ); Wood v. Wood, 510 S.W.2d 399 (Tex.Civ.App.1974, no writ). Although no formal stipulations as to certain facts were made to the trial court, the court could properly consider the material unchallenged statements and representations made by the attorneys for the parties. Attorneys are officers of the court. They are members of an ancient and honorable profession who are allowed to participate in the trial of cases not only to advance the personal interest of their respective clients, but also because it is presumed that they can be of assistance to the court in bringing about justice between the parties. Texas Employers' Insurance Association v. Cloud, 120 S.W.2d 903 (Tex. Civ.App.1938, writ dism'd). Considering the record in its entirety, as well as the pleadings, we find that the evidence is sufficient to show a change in circumstances. Appellant's first point of error is overruled.
In her second and third points of error, appellant contends not only that appellee failed to prove that the modification was in the best interest of the child, but that the evidence, in fact, shows that the modification was not in the best interest of the child. However, the trier of facts is in a better position than the Court of Appeals to determine the extent and duration of visitation and access privileges that will be in the best interest of the child since he faces the parties and their witnesses, observes their demeanor, and has the opportunity to evaluate the claims made by the parties, all of which are difficult to accurately weigh and determine by a mere reading of the statement of facts. Little v. Little, 590 S.W.2d 620 (Tex.Civ.App.1979, no writ). While we realize that the situation presented in this case may well raise emotional and conflicting opinions, we hold that the trial court acted within its discretionary authority and we overrule appellant's second and third points of error.
*766 In her fourth and fifth points of error, appellant contends that the trial court used an improper criteria and denied appellant due process by basing its decision on its prior belief. We have reviewed the record and believe that our previous discussion demonstrates that the trial court was well aware of the basis of the dispute between the parties and made his decision based upon a proper use of his discretion. The fourth and fifth points of error are overruled.
In a supplemental brief under her fifth point of error, and in her sixth and seventh points of error, appellant also contends that the trial court erred by considering issues not alleged in appellee's pleadings. Appellant specifically challenges the trial court's finding of fact and conclusion of law that the visitation rights as set out in the original Decree of Divorce were "ambiguous." Appellant contends that "ambiguity" was not pleaded, was not supported by any offered evidence, and was not a proper condition for modification. Similarly, in her eighth point of error, appellant contends that the trial court "abused its discretion in modifying an order under the pretext of clarification thereof." The trial court filed a conclusion of law in which it found that the "Court has the continuing jurisdiction ... to clarify its prior decree and to modify it in respect to visitation rights of the possessory conservator."
We hold that the trial court properly found, in both its findings of fact and conclusions of law, that the visitation rights were unworkable as set out in the original Decree of Divorce, and that the enlarged visitation time would be in the best interest of the child. This court will sustain a judgment if it is correct on any theory of the law applicable to the record. Southard v. Southard, 567 S.W.2d 570 (Tex.Civ.App.  Tyler 1978, no writ). Again, we hold the modification in visitation privileges ordered by the trial court was within its discretionary authority.
All of appellant's points of error are overruled and the judgment of the trial court is affirmed.