Opinion issued March
31, 2011



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-11-00157-CV

———————————

In
re P.L.M., Relator



 



 

Original Proceeding on Petition for Writ of Habeas Corpus



 



 

 

MEMORANDUM OPINION

          Relator, P.L.M., has filed a pro se original
petition for writ of habeas corpus in this Court.  See Tex. Gov’t Code § 22.221(d) (Vernon
2004); see also Tex. R. App. P. 52.1.  In November 1991, 15-year-old, P.L.M was adjudicated
a delinquent for committing the offense of murder and given a 30 year
determinate sentence.  In 1993, the trial
court held a transfer/release hearing. 
Following the hearing, P.L.M. was transferred from the custody of the
Texas Youth Commission to an adult prison facility, where he remains
incarcerated.  In this original habeas
corpus proceeding, P.L.M. seeks release from incarceration on ground that he
received ineffective assistance of counsel during his delinquency hearing,
during the transfer/release hearing, and during the appeal of the transfer
order.  

A person confined pursuant to an
adjudication and disposition in juvenile court is entitled to seek habeas
corpus relief in the appropriate court; however, this Court does not have
original habeas corpus jurisdiction of such matters.  See In
re Hall, No. 04-06-00835-CV, 2006 WL 3610833, at*1 (Tex. App.—San Antonio
2006, orig. proceeding) (mem. op.); see
also Tex. Fam. Code Ann. §
56.01(o) (Vernon 2002).  This Court lacks
original jurisdiction to issue a writ of habeas corpus, except in narrow
circumstances not present here.  See Tex.
Const. art. V, § 6 (providing that courts of appeals “shall have
such other jurisdiction, original and appellate, as may be prescribed by
law”).  Specifically, this Court has
original jurisdiction to issue a writ of habeas corpus only when it appears
that a person is restrained in his liberty “by virtue of an order, process, or
commitment issued by a court or judge because of the violation of an order,
judgment, or decree previously made, rendered, or entered by the court or judge
in a civil case.”  Tex. Gov’t Code Ann. § 22.221(d).  

This Court lacks original
jurisdiction to issue a writ of habeas corpus when, as here, the habeas
petitioner seeks release from incarceration stemming from his adjudication as a
juvenile delinquent and subsequent transfer to adult prison.  See Ex
parte Hofmayer, 420 S.W.2d 137, 138 (Tex. 1967) (holding original habeas
jurisdiction did not extend to restraint of juvenile allegedly in violation of
due process); Hall, 2006 WL 3610833,
at*1.  Accordingly, we dismiss P.L.M.’s
petition for writ of habeas corpus.  See Hall, 2006 WL 3610833, at*1.  

PER CURIAM

Panel consists of Justices Jennings, Higley, and Brown.