**DENY and Opinion Filed November 23, 2020**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-20-00880-CV**

**IN RE CONNIE AND ALEXANDER PRITCHARD, Relators**

**Original Proceeding from the 382nd Judicial District Court**
**Rockwall County, Texas**
**Trial Court Cause No. 1-19-1214**

**MEMORANDUM OPINION**
Before Justices Myers, Molberg, and Evans
Opinion by Evans

John Rod Thomas filed a petition for writ of mandamus and writ of supervision, dated October 6, 2020, on behalf of relators Connie and Alexander Pritchard. Based on the face of the petition, it appears that Thomas is not a member of the state bar or a licensed attorney. *See, e.g.*, TEX. R. CIV. P. 57 (requiring an attorney to sign pleadings with the attorney's State Bar of Texas identification number). Accordingly, we asked Thomas to file an explanation as to why the petition does not constitute the unauthorized practice of law.

Thomas then filed his October 21, 2020 "Notice of Voluntary Dismissal," requesting that he be dismissed from this original proceeding due to his present

illness. On November 3, 2020, relators filed their pro se amended petition for writ of supervision and writ of mandamus, with their substituted signature page.

We strike the notice of voluntary dismissal as a legal nullity because Thomas is not an attorney and has not explained why he is authorized to practice law in Texas state courts. *See, e.g.*, TEX. GOV'T CODE § 81.101–.102 (defining unauthorized practice of law); TEX. PEN. CODE § 38.123 (explaining that the unauthorized practice of law is a Class A misdemeanor); *Crain v. The Unauthorized Practice of Law Comm. of the Sup. Ct. of Tex.*, 11 S.W.3d 328, 332–34 (Tex. App.—Houston [1st Dist.] 1999, pet. denied) (explaining that a person who is not a licensed attorney may not represent other persons in legal matters). Although the petition and notice of voluntary dismissal mentions that Thomas possesses relators' power of attorney, a power of attorney does not authorize him to act as a licensed attorney at law, representing individuals in proceedings in court. *See In re Pate*, No. 13-15-00346-CR, 2015 WL 5626172, at *1 n. 2 (Tex. App.—Corpus Christi-Edinburg Aug. 26, 2015, orig. proceeding) (mem. op) (citing *Harkins v. Murphy & Bolanz*, 112 S.W. 136, 138 (Tex. Civ. App. —Dallas 1908, writ dism'd)).

We also deny relators' amended petition for writ of supervision and writ of mandamus. *See* TEX. R. APP. P. 52.8(a). Relators' petition does not comply with the requirements of the Texas Rules of Appellate Procedure, and because relators have filed no record, the Court is unable to conduct a meaningful review of their claims.

TEX. R. APP. P. 52.3, 52.7. Accordingly, we conclude that relators have failed to demonstrate their entitlement to mandamus relief.

In addition, we direct our Clerk to transmit to the Unauthorized Practice of Law Committee (UPLC) of the State of Texas certified copies of this order, the filing receive-dated October 6, 2020, and this Court's notice letter dated October 13, 2020.

/David Evans/
DAVID EVANS
JUSTICE

200880F.P05